ANDRÉ BIROTTE, JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS
Ca. Bar No. 80745
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2740
Facsimile:   (213) 894-0115
Email: darwin.thomas@usdoj.gov

BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: brian.h.corcoran@usdoj.gov

Attorneys for Plaintiff, United States

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) Civil No. CV10-5856-JHN (PLAx) | |
| GWENN WYCOFF, and FRANK OZAK, | ) **Memorandum of Law in Opposition to Defendants' Motion for More Definite Statement** | |
| Defendants. | ) | |

4575123.1

The United States, for its memorandum of law in opposition to the motion of Defendants Gwenn Wycoff and Frank Ozak, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement, respectfully states as follows:

At the outset of their motion, the Defendants admit that "generally, motions for more definite statement are disfavored." (Motion at 3; *see also Sagan v. Apple Computer, Inc.,* 874 F. Supp. 1072, 1077 (C.D.Cal.1994)("motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules") ).[1] This flows naturally from the fact

---

1. Although the Government recognizes that *pro se* litigants like the Defendants might not be held to as strict a standard as the Government with respect to application of the Federal and Local Rules, the procedural deficiencies in this motion alone are sufficient to justify its denial without even considering its substantive basis. First, Fed. R. Civ. P. 12(e) requires that motions for a more definite statement "must be made *before* filing a responsive pleading," – meaning before the answer is due. *Beery v. Hitachi Home Electronics (America), Inc.,* 157 F.R.D. 477, 480 (C.D. Cal. 1993)(denying motion for more definite statement filed on the same day answer was due). The Defendants were served with the complaint on August 22, 2010 (Docket Nos. 3, 5), making their answers due no later than September 13, 2010. The Defendants were aware of the need to respond to the complaint - indeed, as they state in their motion, they contacted the U.S. Attorneys' Office on September 7th prior to filing the motion. Thus, this motion is untimely, having been filed after the deadline for the answer has passed (and indeed, the Defendants are in fact presently in default for failing to file an answer in this case).

Second, and contrary to the Defendants' assertion, the Defendants did not properly confer with counsel for the Government before filing the motion, as required by Local Rule 7-3. Although Defendants phoned the U.S. Attorneys' office for the Central District of California on September 7th, at no time during that call did they state that they intended to file a 12(e) motion, nor did they otherwise discuss with the Government the substance of the motion. And they did not otherwise contact counsel for the Tax Division in this matter either. Had a proper conference been held, Government counsel might have been able to explain to the Defendants the

4575123.1

that a pleading's sufficiency is generally measured by the standard set forth in Rule 8(a)(2), which requires only that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The real purpose of a 12(e) motion is to "strike at unintelligibility, rather than want of detail." *Ingram v. Grant Joint Union H.S. Dist.,* No. CIV. S-08-2490, 2010 WL 3245169, at *5 (E.D. Cal. Aug. 16, 2010)(denying 12(e) motion). A 12(e) motion should thus not be granted if it is based on a party's demand that the plaintiff disclose all details of a lawsuit (*Boxall v. Sequoia Union H.S. Dist.,* 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)), or provide information otherwise properly obtainable in discovery (*Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

Here, the Defendants assert broadly that the complaint is impermissibly vague for failing to set forth specific false statements and representations they are alleged to have made that form the basis of the Government's claims (although the Defendants mainly seem to argue that the United States has not provided specific citations from the two-volume, 919-page work The Art of Passing the Buck establishing the basis for its claims under I.R.C. §§ 7402 or 7408). (Motion at 4-7). But such circumstances provide no grounds for the granting of a Rule 12(e) motion. There are more than sufficient facts pled in the complaint to not only put the Defendants on notice of the nature of the suit lodged against them, but for them to frame a response to the same in an answer. *Famolare*, 525 F. Supp. at 949 (Rule 12(e) motion should not be granted unless the challenged pleading is so indefinite that the responding party cannot determine the nature of the plaintiff's claims). And the Defendants can easily discover which cites from their books the Government would point to as false or fraudulent - there are too many to recount here.

deficiencies in the motion and thereby avoided the need to litigate the matter.

3

4575123.1

The very face of the complaint itself rebuts the Defendants' charge of indefiniteness. The Government has filed a 27-page complaint brimming with specific allegations about the nature of the Defendants' unlawful promotion of common-law trusts as a means of tax avoidance. (*See generally* Complaint (Docket No. 1)). The complaint methodically sets forth the elements of the Defendants' scheme, including their repeated communication to customers of false and fraudulent statements about the tax benefits of common-law trusts - both in their initial solicitation of customers as well as in the process of actually setting up the trusts used to evade taxes. (Complaint at ¶¶ 4-20). It then walks through the facts of several instances known to the IRS in which the Defendants created trusts, for themselves or their customers - and in particular, where taxpayers who followed the Defendants' advice wound up being subject to audits and determinations that they owed significant amounts of unpaid taxes. (*Id.* at ¶¶ 28-57). And it sets forth in detail how all such facts violate Sections 6700 and 6701 of the Internal Revenue Code, and therefore why injunctive relief under Sections 7402 and 7408 is appropriate. (*Id.* at ¶¶ 70-72, 81-82).[2]

---

2. The Defendants' motion also briefly touches on (without much development or even reference to Rule 9(b)) the argument that the complaint as pled does not adequately establish fraud. The United States submits that even if the Defendants had briefed this argument properly and fully, the above analysis demonstrates that the particularity requirements of Rule 9(b) have been met. The sections of the complaint specifically dealing with former customers of the Defendants (Complaint at ¶¶ 31-49) specify in great detail time frames and contexts in which the Defendants are alleged to have made false statements to the identified customers. The complaint also indicates that the Defendants have given presentations and published articles, in addition to The Art of Passing the Buck, in which they promoted the false concept of "own nothing, control everything" through establishing common-law trusts - a concept the Government asserts is at the core of the Defendants' illegal scheme. In any event, the particularity requirements of Rule 9(b) are less stringently applied in

4

4575123.1

The Defendants' inability to see detail in the complaint when it stares them in the face is telling, and undermines their innocent assertion that this motion has not been brought "out of a desire to temporize or to obstruct" (Motion at 7). The only possible conclusion that can be reached after close review of the motion in light of the applicable law is that delay of the lawsuit is the Defendants' *entire* purpose. For that reason, as well as the reasons stated above, the United States respectfully requests that Defendants' motion be denied in its entirety.

September 20, 2010

Respectfully submitted,

ANDRÉ BIROTTE, JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DARWIN THOMAS
Ca. Bar No. 80745
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2740
Facsimile: (213) 894-0115
Email: darwin.thomas@usdoj.gov

/s/ Brian H. Corcoran
BRIAN H. CORCORAN
Member, D.C. Bar, No. 456976
Admitted *Pro Hac Vice*
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238

cases like this, where fraudulent conduct is alleged to have occurred over a period of time. *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1076 (E.D. Cal. 2006)(denying motion to dismiss Section 7408 injunction action for failure to satisfy Rule 9(b)).

5

4575123.1

Washington, D.C.  20044
Telephone: (202) 353-7421
Fax: (202) 514-6770
Brian.H.Corcoran@usdoj.gov

4575123.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 20, 2010, I served the foregoing *United States' Memorandum of Law in Opposition to Defendants' Motion for More Definite Statement*, and all related papers, by first class mail upon the following:

Gwenn H. Wycoff
Frank C. Ozak
2801 Ocean Park Blvd., No. 296
Santa Monica, California 90405

Counsel *Pro Se*

/s/ Brian H. Corcoran
BRIAN H. CORCORAN

4575123.1