FILED

Gwenn H. Wycoff and Frank C. Ozak
2801 Ocean Park Boulevard No.296
Santa Monica, California 90405
Telephone (310) 398-6370
E-Mail: fcoz2003@yahoo.com
In Propria Persona

2010 OCT -4  PM 1: 53

CLERK. U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gwenn Wycoff and Frank Ozak,<br><br>Defendants. | Case No. CV 10-5856-JHN(PLAx)<br><br>MOVING PARTIES REPLY TO OPPOSITION TO REQUEST FOR MORE DEFINITE STATEMENT PER FRCP 12(e); DECLARATION OF FRANK OZAK |

## A.    INTRODUCTION.

Before addressing the body of Plaintiff's Opposition, Moving Parties would like to present, for the benefit of Counsel for Plaintiff and this Honorable Court, certain discourtesies and inaccuracies of fact and law which Counsel for Plaintiff have occasioned in the course of the present case.

Those discourtesies and inaccuracies have a *locus* in, but are not limited to, footnote 1 of Counsel for Plaintiff's Opposition, (page 2, lines 10-27, page 3, line 26).

In the first Paragraph of that footnote (page 2, lines 10-20), Counsel for Plaintiff cite the case of *Beery v. Hitachi Home Electronics (America), Inc.,* 157 F.R.D. 477 (C.D. Cal. 1993), to the effect that "First, Fed. R. Civ. P. 12(e) requires that motions for a more definite statement "must be made *before* filing a responsive pleading," – meaning before the answer is due." Counsel for Plaintiff assert that since Moving Parties filed the present Motion (Changed to Request) on the last day in which an answer could be filed, and therefore, under *Beery,* the present Request must be dismissed.

Counsel for Plaintiff are correct that motions for more definite statement must be made *before* filing a responsive pleading, such as an answer. Counsel are incorrect

1

in asserting that *Beery* holds that such motion cannot be filed on the final day in which an answer could be filed.

A reading of *Beery* at 480 shows what was actually said:

> "Rule 12(e) states that a party may move for a more definite statement before interposing a responsive pleading when "a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). In the instant action, the Moving Defendants filed an answer *on the same day* that the instant Motion for More Definite statement was filed. Thus, in this Court's opinion, since the Moving Defendants have already filed a responsive pleading, they cannot now claim that the complaint is "so vague and ambiguous" that they cannot reasonably be required to frame a responsive pleading. . ."*(emphasis added)*

In short, Moving Parties have been unable to find any authority in *Beery* for the assertion that they could not file a Motion for more definite statement on the final day in which they could file an answer. *Beery* simply states that one cannot file both an Answer and then such Motion. While *Beery* would perhaps be applicable, had Moving Parties filed both an Answer and then their Motion, this does not happen to be the case.

But Counsel for Plaintiff's inaccuracies do not seem to be limited to those of cited law. In paragraph 2 of Footnote 1 of their Opposition, (page 2, lines 21-23), they state: "Second, and contrary to the Defendants' assertion, the Defendants did not properly confer with counsel for the Government before filing the motion, as required by Local Rule 7-3."

As stated in the original *Request For a More Definite Statement* and shown in the attached Declaration of Frank Ozak, one of the Moving Parties, Mr. Ozak called Counsel Darwin Thomas at 11:30 A.M. on September 7, 2010, at the latter's office telephone. Mr. Ozak attempted to inform Counsel that he believed that there was need of a Motion for Further Statement. In response, said Counsel tersely informed Mr. Ozak that "he (Counsel) could not help him." Mr. Ozak then told Counsel Moving Parties learned they could use electronic filing to file pleadings, but only if there was an order from the court or a stipulation from both parties. Mr. Ozak asked Counsel if

2

he would so stipulate. Counsel refused. Finally, Mr. Ozak asked Counsel if it were necessary in Federal Court for pleadings to be blue backed. Counsel stated to ask the court. It is apparent by Mr. Ozak's efforts, there was ample time for Counsel Thomas to discuss the issues to prevent a Motion being filed.

Perhaps Counsel for Plaintiff Corcoran is correct in stating that Moving Parties did not properly confer with Counsel before seeking the present Motion; but Moving Parties made ample effort and Counsel for the Plaintiff, Darwin Thomas, was unwilling to communicate or cooperate.

It is perhaps of interest to note that Counsel for Plaintiff, Darwin Thomas has to date failed to declare under penalty of perjury his own version of the above events. In the event that such Counsel should produce his own contrary version, Moving Parties would be happy to stipulate that all further communications between themselves and Counsel for Plaintiff be recorded, in the interest of avoiding further miscommunication and conflict.

It is possible that Counsel for Plaintiff Darwin Thomas was of the honest, but legally inaccurate, belief that it was somehow improper for Moving Parties to be acting *pro se.* In the hopes that this honorable Court does not share such belief, we can only cite 28 USC 1654, to the effect that: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

While it would be perhaps wiser for Moving Parties to seek attorneys as legal counsel, at risk of stating the obvious, Moving Parties would like to state that they did not bring the present suit: Counsel for Plaintiff did. Counsel for Plaintiff also brought the present action as one in civil, rather than in criminal court. As such, Moving Parties are not entitled to free legal counsel, as per the Sixth Amendment of the U.S. Constitution and *Gideon v. Wainwright,* (1963) 372 U.S. 335.

Even if Moving Parties could somehow obtain free legal counsel, the issues of the present case, involving as they do such matters as federal tax statutes, federal district

3

court civil procedure, and (as shall be shown later) First Amendment issues, would be beyond the resources of most free legal services.

As attorneys of the caliber necessary to defend such suits as the present one are in the $300+ per hour range, and as the proper defense of such a case would involve at least several hundred hours, the price tag for effective representation by paid legal counsel greatly exceeds what Moving Parties would be able to pay.

In addition, arrayed against Moving Parties are all of the resources of the U.S. Department of Justice, together with what appear to be the volunteered *pro bono* resources of Counsel Brian H. Corcoran, Esq., partner of the prestigious Washington, D.C. law firm of Katten, Muchin & Rosenman. Moving Parties on the other hand are without formal legal education or training, and without access to any legal treatises, case law or statutory authority, other than those available at Los Angeles County or Superior Court libraries.

Moving Parties must point out that in the event that they were to fail to present a defense or otherwise to appear in this matter, Counsel for Plaintiff would take Moving Parties' default, seek preliminary and permanent injunctive relief to cease publication of *The Art of Passing the Buck*. While Moving Parties might normally agree with the famous quotation of Dr. Samuel Johnson, that 'one who is his own lawyer has a fool for a client', Moving Parties believe that with the present events, they would be fools not to do as they have done.

Moving Parties respectfully request this honorable Court note that Moving Parties do not seek sanctions against Counsel for Plaintiff for their past uncooperative, discourteous and obstructive behavior; they thus respectfully beg to differ with Counsel for Plaintiff's characterizations in the underlying Complaint (Complaint, page 17, line 17 to page 19, line 25) that Moving Parties habitually engage in frivolous lawsuits and retaliatory conduct. Again, we point out, there is no specific reference to this statement, especially the word "habitually". This serves as a good example of the problems with the original complaint.

Nonetheless, Moving Parties respectfully request of Counsel for Plaintiff that they recognize Moving Parties as legitimate *pro se* litigants under 28 USC 1654, and that they tender the same courtesies of communication and cooperation (required by Federal Law, the Federal Rules of Civil Procedure, the Local Rules of the Central District Court of California, and the Judge's Procedures and Schedules of the Honorable Jacqueline H. Nguyen) to Moving Parties as they would to counsel who have the advantage of a legal education and the opportunity to appear before this honorable Court.

Moving Parties also respectfully request that Counsel for Plaintiff spare Moving Parties and this Honorable Court such patronizing and legally inaccurate expressions as "...[a]lthough the Government recognizes that *pro se* litigants like the Defendants might not be held to as strict a standard as the Government with respect to application of the Federal and Local Rules. . ." (Opposition, page 2, lines 10-12). Moving Parties know full well that "ignorance of the law is no excuse" in either criminal or civil law, and that *pro se* litigants are held to the same standard as those with the benefit of legal counsel, although training in formal procedures may be lacking, documents and statements made need to be accurate.

Nonetheless, Moving Parties respectfully request that this honorable Court observe, honor, and practice such protections that Federal law affords to *pro se* litigants, including but not limited to the ABA Standards relating to Trial Courts, Standard 2.23:

"When litigants undertake to represent themselves, the court should take whatever steps are reasonable and necessary to insure a fair trial," and Comment 4 to Rule 2.2 of the ABA Model Code of Judicial Conduct: "It is not a violation of this Rule for a judge to make reasonable accommodations to ensure *pro se* litigants the opportunity to have their matters fairly heard."

Moving Parties would therefore respectfully request of this honorable Court that if it is found that the present Motion for Further Statement was filed a day after an Answer or other response should have been filed, that this honorable Court make reasonable accommodations under ABA Trial Court Standard 2.23, and Comment 4 to

Rule 2.2 of the ABA Model Code of Judicial Conduct, to nonetheless permit the present Motion to be filed, and not to permit Plaintiff to take Moving Parties' default as a result.

In the course of making such reasonable accommodation, Moving Parties would also request that this Honorable Court take into consideration authority which indicates that a party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); that default judgment as a sanction for the failure to respond to a summons is a drastic measure that should be employed only as a last resort. United States v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987); and that a federal court cannot enter a default judgment when the defendant has filed an answer or other response, even if untimely. Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495 (5th Cir. 1962).

Finally, Moving Parties would like to point out that had Counsel for Plaintiff actually cooperated with Moving Parties, and stipulated to permit Moving Parties to file electronically, this issue would not have been raised. Moving Parties therefore believe that, to say the least, it would be unreasonable for Counsel for Plaintiff to profit from their lack of cooperation by being able thereby to move for default.

**B.    IT WOULD BE APPROPRIATE, UNDER FRCP RULE 9B, CASE PRECEDENT, FIRST AMENDMENT PROTECTIONS, AND COMMENT 4 TO RULE 2.2 OF THE ABA MODEL CODE OF JUDICIAL CONDUCT, TO GRANT THE PRESENT MOTION.**

Moving Parties are grateful to Counsel for Plaintiff for drawing their attention to Rule 9(b) of the Federal Rules of Civil Procedure. Moving Parties must however disagree with Counsel for Plaintiff's characterization of the case of *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1076 (E.D. Cal.2006), as stating that "the particularity requirements of Rule 9(b) are less stringently applied in cases like this, where fraudulent conduct is alleged to have occurred over a period of time." (Opposition, Footnote 2, page 4, line 26, and page 5, lines 24-26)

6

If one were actually to *read* the case of *United States v. Hempfling. supra* (instead of only the head notes), one would find that defendant Hempfling  filed a Motion for Further Statement upon the initial complaint of Plaintiff, and that "The initial complaint was dismissed with leave to amend on the ground that the allegations of fraud were not pled with sufficient specificity." *Hempfling, id*. It was only on the <u>second</u> attempt of Hempfling to dismiss for lack of particular statement that the court found for Plaintiff. And if one were actually to read the *authority cited* in *Hempfling, supra,* one would find the following:

"Rule 9(b) of the Federal Rules of Civil Procedure states that:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

"A complaint alleging fraud meets the Rule 9(b) standard if it alleges the time, place, and content of the fraudulent statements, including reasons why the statements are false. *In re GlenFed., Inc., Securities Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), rev'd on other grounds, 60 F.3d 591 (9th Cir. 1995). Where fraud allegedly occurred over a period of time, however, Rule 9(b)'s requirement that the circumstances of fraud to be stated with particularity are less stringently applied. See *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 814 F. Supp. 720, 726 (N.D. Ill. 1993); *United States ex rel. Semtner v. Med. Consultants, Inc.*, 170 F.R.D. 490, 497 (W.D. Okla. 1997).

"One of the purposes behind Rule 9(b)'s heightened pleading requirement is to put defendants on notice of the specific fraudulent conduct in order to enable them to adequately defend against such allegations. See *In re Stac Elec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996). Furthermore, Rule 9(b) serves "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id*."

Thus, under the actual authority cited under *Hempfling*, a complaint alleging fraud meets the requirements of FRCP 9b only if it alleges the time, place and content of the alleged fraudulent statements, including the reasons why the statements are false. While there are some lesser requirements in cases where the fraud has occurred over a period of time, Moving Parties argue this is not the case with written statements made in books and periodicals. In such cases, a plaintiff is required to state the place (in this case, citation by volume, chapter and page), content, and reasons why such statements are alleged to be false.

While Counsel for Plaintiff have made some effort to allege with specificity fraudulent actions allegedly undertaken by Moving Parties and others, Counsel for Plaintiff has totally failed to allege with specificity the location, content, or reasons for the falsity of ANY of the written statements alleged to be fraudulent in either volume of *The Art of Passing the Buck*. For this reason alone, the present Request should be granted.

There is a further reason, however, why the present Request should be granted: In paragraph 27 of the Complaint, Counsel for Plaintiff allege the following:

> 27. All told, the numerous statements contained within both volumes of The *Art of Passing the Buck* relating to common-law trusts and their tax benefits go well beyond mere expressions of anti-government political animus. <u>Rather, they constitute false, intentionally misleading, and/or deceptive commercial speech that this Court may regulate if not ban entirely.</u> These statements all propose a commercial transaction: that taxpayers not merely set up common-law trusts, but purchase, at considerable cost, *The Art of Passing the Buck* to do so - and then directly engage Wycoff and/or Ozak once the trust has been created (as described in greater detail below). As such, the intent of this false and/or fraudulent speech about the nonexistent tax benefits of common-law trusts is, at bottom, to benefit both Defendants financially - not simply to spread the word" about the Defendants' political views. (emphasis added)

Moving Parties would vehemently disagree with Counsel for Plaintiff's attempts to mis-characterize *The Art of Passing the Buck* as mere "commercial speech that this

Court may regulate if not ban entirely". Moving Parties would instead assert that the authors of *The Art of Passing the Buck* wrote this treatise with reference to such standard legal treatises of Trust law as *Bogert on Trust, 3ᵈ and 4ᵗʰ Editions,* and the 24 volumes of *Trusts and Trustees* by the same author with an eye toward translating that eminent author's work into terms that a lay man or woman could understand and use. Moving Parties therefore contend, and are willing to prove if necessary, that *The Art of Passing the Buck* is primarily an educational work, and is therefore entitled to the full *penumbra* of protection under the First Amendment.

But further, Moving Parties would contend that *The Art of Passing the Buck* is also protected political speech, in that it is in furtherance of the political axioms stated in the *Declaration of Independence*: that we are all created equal, and are endowed with certain unalienable rights; that among these rights are life, liberty and the pursuit of happiness; that in construing the terms, "pursuit of happiness", the writer of that *Declaration* and the Founding Fathers were guided by Sir William Blackstone's *Commentaries on the Law of England*, which held that "The third absolute right, held by every Englishman, is that of property: which consists in the free use, enjoyment, and disposal of all his acquisitions, without any control of diminution, save only by the laws of the land. (Blackstone, *Commentaries,* Book One, Chapter One: *Of the Absolute Rights of Individuals*). Moving Parties contend that the purpose of *The Art of Passing the Buck* is to inform lay men and women in the free use, enjoyment, and most particularly, the disposal of all their acquisitions, and is therefore at base political speech, which until a few years ago was at the mainstream of American political life, and was once called *The American Way.*

Moving Parties therefore contend that in seeking preliminary or permanent injunctions against the publication of *The Art of Passing the Buck*, what Counsel for Plaintiff seek is nothing less than a prior restraint on educational and political speech, and thus, an unconstitutional infringement upon the First Amendment.

Even assuming, *arguendo,* that there are aspects of *The Art of Passing the Buck* which may be construed as 'commercial speech', in that they present information which may not accurately depict lawful behavior (e.g., *Central Hudson Gas & Electric Co. v. Public Service Comm'n,* 447 U.S. 557, 564, 568-69 (1980), the case of *Central Hudson Gas & Electric Co, supra.* also indicates that "if the governmental interest could be served as well by a more limited restriction on commercial speech, the excessive restriction cannot survive". Moving Parties would contend that the purpose which Counsel for Plaintiff seek could be as easily and better accomplished by *editing,* under the supervision of this Honorable Court, any statements of IRS law found to be inaccurate, and without the need for a total prohibition on publication. Moving Parties have offered to stipulate to such oversight in their Motion. They repeat that offer now.

## C.    CONCLUSION

But again, Moving Parties need to know what parts of *The Art of Passing the Buck* are alleged to be false to IRS law before they could edit them, or even respond properly to the Complaint. Thus, because a further statement appears necessary to be in accord with FRCP Rule 9b, constitutional protections, and reasonable accommodation to *pro se* litigants, Moving Parties respectfully request that the present Request be granted.

Dated: October 4, 2010                             RESPECTFULLY SUBMITTED,

Gwenn Wycoff, In propria persona

Frank Ozak, in propria persona

10

Frank Ozak
2531 Sawtelle Boulevard #75
Los Angeles, California 90064
Tel: (424) 228-5086
E-Mail: fcoz2003@yahoo.com
In Propria Persona

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | **Case No. CV 10-5856-THN(PLAx)** |
|---|---|
| Plaintiff, | DECLARATION OF FRANK OZAK IN SUPPORT OF REQUEST FOR MOTION FOR FURTHER STATEMENT PER FRCP RULE 12(e) |
| v. | |
| Gwenn Wycoff and Frank Ozak, | |
| Defendants. | |

DECLARATION OF FRANK OZAK

I, FRANK OZAK, do hereby make the following sworn declaration. All matters contained herein are of my own personal knowledge unless stated as based upon information and belief.

1. I am a Moving Party in the present action, and a Moving Party in the present Motion. On September 7, 2010 at 11:40 a.m., Pacific Daylight Time, I called Counsel for Plaintiff, Darwin Thomas, Esq, at his office telephone at (213) 984-2740. "I identified myself to him as Frank Ozak, one of the Parties in the present action, and told him that I was required to confer with him before filing a Motion or Request for Further Statement." Ref. Local Federal District Court Rule 7-3 under FRCP 12(b)(5). I attempted to tell him why I thought such a motion was necessary, but it did not appear to me that Counsel for Plaintiff was willing to have a conversation about the issues. He basically told me that "he could do nothing for me."

1

2.   I also attempted to tell Counsel for Plaintiff that I had been informed that in the event I could either get a stipulation from Counsel for Plaintiff or an order from this Honorable Court, that Moving Parties could file electronically with the Court. He replied that we would have to file a copy of our Motion with him and the attorney in Washington, D.C., Brian H. Corcoran, Esq, with Proof of Mailing to the Court.

3.   I then attempted to ask Counsel for Plaintiff whether blue backing was required for a paper filing in the Central District of California, and was told that I would need to ask the Court Clerk. Counsel for Plaintiff then hung up. The complete telephone call took about two minutes altogether. Soon after this telephone call, I made a private written record of what I could immediately recall had been said. I have made use of this record in the preparation of the present Declaration.

I, Frank Ozak, do hereby swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of October, 2010 in Santa Monica, California.

Frank Ozak

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA**            )

                                  )        SS

**COUNTY OF LOS ANGELES**        )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street No. 19, Orange, CA 92865

On October 4, 2010 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**MOVING PARTIES' REPLY TO OPPOSITION TO MOTION**

**FOR MORE DEFINITE STATEMENT**

**PER FRCP 12(3)**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

SANDRA R. BROWN and DARWIN THOMAS

Assistant United States Attorneys

Chief, Tax Division

Federal Building, Room 7211

300 North Los Angeles St.

Los Angeles, California 90012

With a return address of:

Gwenn H. Wycoff and Frank C. Ozak

2801 Ocean Park Blvd., No. 296

Santa Monica, CA  90405

I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on October 4, 2010 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

Heidemarie Kauahikaua

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA            )

                              )        SS

COUNTY OF LOS ANGELES        )                  .

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin, Street, No. 19, Orange, CA  92865

On October 4, 2010 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**MOVING PARTIES' REPLY TO OPPOSITION TO MOTION**

**FOR MORE DEFINITE STATEMENT**

**PER FRCP 12(3)**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

BRIAN H. CORCORAN            .
Trial Attorney, Tax Division
U.S Department of Justice
Post Office Box 7238
Washington, DC  20044


With a return address of:

Gwenn H. Wycoff and Frank C. Ozak
2801 Ocean Park Blvd., No. 296
Santa Monica, CA  90405


I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on October 4, 2010 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

Heidemarie Kauahikaua