ANDRE´ BIROTTE, JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
VALERIE MAKAREWICZ
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2729
Facsimile:  (213) 894-0115
Email: Valerie.Makarewicz@usdoj.gov


BRIAN H. CORCORAN
(D.C. Bar No. 456976)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: brian.h.corcoran@usdoj.gov

Attorneys for Plaintiff, United States

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. |
| GWENN WYCOFF, and ) FRANK OZAK, ) | **Declaration of Susan Lee** |
| Defendants. ) | |

1. I, Susan Lee, am over 18 years of age and competent to testify to the facts set forth in this declaration.

2. My name, as used and signed in the subject summons and this declaration, is a pseudonym I use in my official capacity as an employee of the IRS. This

4595323.1

pseudonym – used for privacy and safety reasons – has been registered with the IRS, in accordance with IRS procedures (Internal Revenue Manual § 1.2.4), and all IRS procedures governing the use of pseudonyms have been followed.

3. I am employed as a revenue agent in the Central Coast Territory, Group 2, California Area, Group 1453, Area 7, Examination, Small Business/Self-Employed Division, of the IRS. I have been a revenue agent for 19 years.

4. As part of my duties as revenue agent, in 2002 I was assigned to conduct an investigation of Gwenn Wycoff and Frank Ozak to determine if they were engaged in conduct subject to civil penalty and injunction pursuant to 26 U.S.C. §§ 6700, 6701, 7402, and 7408. I have personally reviewed numerous materials prepared by Wycoff and Ozak for their customers, as well as IRS analyses and examination materials relating to the tax returns of their customers prepared by other IRS Revenue Agents. I have also participated in interviews of some of the individual taxpayer/customers of Wycoff and Ozak. The statements I make in this declaration are based upon my investigation, my review of the materials set forth above, and my experience as a revenue agent.

5. Through my investigation, I learned that Wycoff and Ozak had repeatedly and continually promoted to their customers the creation of a variety of sham, "common-law" trusts. These trusts are intended to assist their customers in understating their federal income tax obligations, and thereby evade payment of those taxes. The trusts are used to create the false appearance that a customers' income and assets (both personal and business-related) are in fact owned and/or controlled by the trusts, thereby allowing the customers to report little if anything in the way of taxable income on their personal federal income tax returns.

6. Wycoff and Ozak, through a variety of channels, advocate to their customers the creation of these trusts. Wycoff and Ozak purport to create irrevocable

4595323.1

trusts on behalf of customers, even though the trusts' grantors continue to control their assets and income.

7. Trustees (often Wycoff or Ozak) are usually put in place for each customer's trusts, opening bank accounts that are used to pay the customer's expenses and bills. When the customer/grantor performs services or sells goods, he has payments made directly to the trust and the trustee merely writes a check back to the grantor as his salary. Wycoff and Ozak falsely represent to their customers that this arrangement is beneficial from a tax standpoint, because individuals do not have to pay tax on income they receive that is paid directly to a trust. In actuality, individuals *are* responsible for income they earn, even if paid directly to a trust.

8. Wycoff and Ozak also, through an intermediary, arranged for the preparation of tax returns on behalf of the trust claiming the grantor salary and other amounts as deductions. On their individual tax returns, grantors routinely fail to claim the amounts they receive from their trusts as income. In turn, the trust returns report that the trust has distributed all of their income each year, minimizing their tax liability as well. However, when the IRS has attempted to trace these distributions, we have repeatedly found either that the distributions in fact never occurred, or that they were made to other trust entities that, upon examination, turned out to be sham themselves.

### *The Kenzington Fund*

9. Ozak and Wycoff have promoted the creation of these phony trusts in a variety of ways, but most commonly through their own personal sham trust, the "Kenzington Fund" (which Ozak and Wycoff themselves employ as a means of tax evasion with respect to their own federal income tax obligations).

4595323.1

10. Wycoff and Ozak established the Kenzington Fund trust in 1997. Its federal tax identification number is 95-7035553. Wycoff is currently the administrator and secretary of the Kenzington Fund, while Ozak is the general manager. A third party and associate of the Defendants, George McCalip, acts as a trustee of the Kenzington Fund. (*See* copies of business cards, true copies of which are attached as Exhibit 1).

11. My investigation has determined that the Kenzington Fund is associated with other known promoters of tax evasion schemes. Its 2003 return (Form 1041) does not disclose Mr. McCalip as a trustee but, instead, identifies its fiduciary as Noble Trust Services Co., P.O. Box F-42498, Freeport, Bahamas. (*See* 2003 Form 1041 Income Tax Return of the Kenzington Fund, a true copy of which is attached as Exhibit 2). The return also identifies the fund's beneficiary as Equity Management Trust c/o Noble Trust Services Co., P.O. Box F-42498, Freeport, Bahamas. These two entities were vehicles through which James A. DiLullo, another promoter of tax-evasion schemes, was known to conduct business from the State of Nevada.

12. Since its creation, the Kenzington Fund has routinely failed to file required federal tax forms and pay taxes due. It last filed an income tax return in 2003, which I personally audited. That return reported income of $95,246.00 and an offsetting distribution deduction of $95,246.00, purportedly distributed out to Equity Management Trust (an entity associated with the tax-avoidance activities of Mr. DiLullo). (*See* Exhibit 2). By virtue of this claimed deduction, the Kenzington Fund reported no taxable income - despite the fact, after we examined the return, that it was evident the Kenzington Fund had never made any such distributions. Based in part on that determination, the IRS made a jeopardy assessment against it of $56,734. (*See* January 5, 2007 Notice of Deficiency, a true copy of which is attached as Exhibit 3). As of April 30,

- 4 -

2010, the Kenzington Fund owes unpaid taxes, plus penalties and interest, in the amount of $105,142.

### *Promotion of Common-Law Trusts by Wycoff and Ozak*

13. Wycoff and Ozak initially promoted their tax scheme via the Kenzington Fund's website, "www.kenzington.com." In 2004, however, after they became aware of the IRS's investigation into their activities, they shut that website down and began utilizing another website, "www.passingbucks.com" to promote their fraudulent advice and products. The registered owner of the passingbucks.com website is George McCalip, the Kenzington Fund trustee. (*See* Exhibit 1).

14. In addition to promoting via this new website, Wycoff and Ozak post articles on other internet sites advocating that individuals create common-law irrevocable trusts in order to save money on taxes, among other reasons. Ozak and Wycoff also attend dinners and other gatherings where they make presentations to prospective customers to encourage them to participate in the trust scheme. In June of 2009, for example, Ozak made a presentation at the Karl Hess Club, a Los Angeles-based libertarian organization. (*See* announcement from Karl Hess Club website, a true copy of which is attached as Exhibit 4).

### *"The Art of Passing the Buck"*

15. On both the Kenzington and passingbucks websites, Wycoff and Ozak offered for sale numerous printed materials that promoted their trust-creation scheme. For example, the Kenzington website sold newsletter, report and common law trust books. Posted on that website was an article entitled "Give It Away and

- 5 -

4595323.1

Get It" written by Wycoff, as well as another article entitled "Own Nothing, Control Everything." (True copies of both articles are attached as Exhibit 5).

16. In 2008, Ozak and Wycoff published a two-volume book entitled The Art of Passing the Buck, which contains numerous glaring false statements about the internal revenue laws. Wycoff and Ozak advise customers to purchase the books to obtain more information about the trust scheme they advocate. In addition to the website, Wycoff and Ozak offer these books for sale at seminars and discussions at which they speak; it has also been promoted on a radio show in 2008 by their associate Mr. McCalip. The first volume costs $39.95, with the second (which contains more detailed instructions for how to establish and make use of the trusts advocated by Wycoff and Ozak) going up in price to $500.

17. The official "author" of The Art of Passing the Buck volumes is Charles Arthur, but Mr. Arthur does not exist. The volumes were in fact written under that pseudonym by a "consortium" of individuals, including Wycoff, Ozak, and McCalip. (See Exhibit 4, identifying Wycoff and Ozak as "contributing authors"). Ozak is the general manager of Charles Arthur Enterprises, the volumes' publisher. (See Exhibit 1).

18. These two related volumes are a road map for the creation of the trusts through which Wycoff and Ozak's customers understate their tax liability. In both volumes, Ozak and Wycoff discuss at length the benefits of common-law trusts, and contain numerous instructions for setting them up. Although neither volume specifically mentions Wycoff or Ozak by name, both encourage readers to contact "Charles Arthur Enterprises" to obtain consulting assistance in the creation and management of a trust. (See end pages from Volume I of The Art of Passing the Buck ("Need Help With Your Trust?"), a true copy of which is attached as Exhibit 6).

- 6 -

4595323.1

**Retaliatory Conduct by Wycoff and Ozak**

19.    The Defendants do not merely engage in the promotion of sham trusts as a means of tax evasion, in the hopes that their activities will not be discovered by the IRS, but also attack the IRS with frivolous procedural and legal claims in order to stifle legitimate efforts to investigate their illegal conduct.

20.    For example, in 2004, in connection with my audit of the Kenzington Fund's 2003 tax return, I issued an administrative summons to Alliance Bank requesting the trust's bank records.  (*See* May 12, 2004 Administrative Summons, a true copy of which is attached as Exhibit 7).  In response, Wycoff wrote a letter to me dated May 10, 2004 in which she declared that the summons was a "legal nullity" and made numerous other objections to the summons's legitimacy.  (*See* May 10, 2004 letter, a true copy of which is attached as Exhibit 8).   Indeed, Wycoff went so far as to declare that for tax purposes she was an exempt foreign person.  (*See* May 10, 2004 Substitute Form W-8, a true copy of which is attached as Exhibit 9).  Wycoff subsequently filed a frivolous lawsuit seeking personal damages and an injunction against me personally, but the lawsuit was ultimately dismissed.

21.    Thereafter, in 2005, I issued a summons to McCalip for an interview concerning Kenzington Fund and its customers.  McCalip refused to answer questions we posed, claiming he was bound by an "oath of privacy."  I subsequently learned that, as part of their promotion, Wycoff and Ozak advised customers (in The Art of Passing the Buck and elsewhere) to draft trust documents creating an "Oath of Privacy."  They purport falsely that this oath allows persons with knowledge to refuse to provide requested information about the trusts to federal agents and other government personnel.

4595323.1

22. McCalip subsequently wrote letters to me, as well as the Treasury Inspector General for Tax Administration (TIGTA), to several United States Senators, and to IRS management personnel accusing me of misconduct. (*See* September 18, 2007 letter, a true copy of which is attached as Exhibit 10). He later brought a lawsuit against me (the second such suit brought against me personally in connection with my investigation), seeking to enjoin the IRS's investigation and personal damages. McCalip's case was dismissed in 2008.

**Harm to the Government**

23. The overall effect of Wycoff and Ozak's conduct has been to deprive the federal government of tax revenue it is owed. In the past six years, the IRS has completed audits of the tax returns of four trusts created by, or with the assistance of, Ozak and Wycoff, including their own Kenzington Fund trust return. As a result of these examinations, the IRS has either determined that the trust at issue was a sham (where the grantor's identity was known) and made a determination that the underlying taxpayer owed unpaid income taxes, or resolved the matter with the taxpayer such that they owed additional taxes.

24. As of April 30, 2010 the total amount of tax deficiencies assessed in these four cases resulting from Wycoff and Ozak's promotion of the common-law trusts is $1,192,212. I am aware of at least two other pending audits of other trust tax returns connected to Wycoff and Ozak, so I expect this number to increase.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2010

Susan Lee

- 8 -

4595323.1