ANDRÉ BIROTTE, JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
VALERIE MAKAREWICZ
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2729
Facsimile:   (213) 894-0115
E-mail: Valerie.Makarewicz@usdoj.gov

BRIAN H. CORCORAN
(D.C. Bar No. 456976)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: brian.h.corcoran@usdoj.gov

Attorneys for Plaintiff the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. |
| GWENN WYCOFF, and FRANK OZAK, | ) **Declaration of Rex Wilson** |
| Defendants. | ) |

I, Rex Wilson, declare as follows:

1.    I am a practitioner of naturopathic medicine in Los Angeles, California.  My business was called "Natural Way Systems," but is now called "Rex Wilson N.D."

4595323.1

2.    In the late 1990s, I was named as a defendant in a frivolous lawsuit. Because I am not a licensed physician, I could not obtain malpractice insurance that would protect me from exposure to liability. After my negative experiences with that lawsuit, I became interested in limiting my exposure to such frivolous lawsuits in the future.

3.    I specifically became aware of Ozak and Wycoff after I saw an advertisement in a magazine that stated "Own Nothing, Control Everything." I subsequently met with Ozak and Wycoff in 2003 at their apartment.    At that time, they reviewed with me materials relating to common-law trusts, which they purported were a legal means of shielding one's assets from judgment. They informed me that by forming such a trust I could protect my personal and business assets, that such a trust was perfectly legal, and also that such a trust would have other advantages as well. For example, the assets that would be placed in the trust would not be exposed to frivolous lawsuits, and the trusts would also have certain tax advantages. They also told me the trusts were able to claim certain tax deductions that I otherwise could not claim personally.

4.    Ozak and Wycoff created the trusts. They provided me at the time of the trusts' formation with copies of books they had written about the subject.

5.    In 2003 or 2004, Ozak and Wycoff formed the "Anna Correy Family Trust" and placed my business into it. They were responsible for the drafting of all trust-related documents; I had no input into their creation. In addition, they formed several other related trusts, all of which were intended to further the operational purposes of the Anna Correy Family Trust. For example, they created the "Lakshami Trust," into which was placed my personal assets. They created a third trust - the "Amma Group Trust" - a purported management company for the Anna Correy Family Trust.

4595323.1

6.      Ozak and Wycoff agreed to manage my business, pay my business expenses, handle my bookkeeping, and make profitable investments for me out of the earnings of the business.  In return, Ozak and Wycoff charged a management fee for their services, paid from one of the trusts' bank accounts.  Although Ozak and Wycoff provided me with a monthly financial statement pertaining to the trusts, I had difficulty understanding it.  I know that Wycoff and Ozak did take their fees out of Natural Way Systems's business proceeds, which were deposited into the Anna Correy Family Trust.

7.      A third trust established by Ozak and Wycoff, the Amma Group Trust, paid Natural Way Systems's business expenses, although I continued to otherwise operate the business.  However, Anna Correy Family Trust paid for most of its operating expenses out of its bank account; the Amma Group Trust essentially withdrew funds from the Anna Correy Family Trust to pay these expenses.  Thus, I would order whatever supplies or products that Natural Way Systems needed, but Ozak and Wycoff would pay for them, using Trust bank accounts.  Ozak and Wycoff also paid other business expenses, such as rent and my salary; the Anna Correy Trust wrote checks payable to Amma Group Trust to pay these sums.  All of the money used to make these payments came from Natural Way Systems; I simply turned over my business receipts directly to Ozak and Wycoff, by depositing the gross proceeds of Natural Way Systems into the Anna Correy Family Trust bank account.

8.      Initially, Ozak and Wycoff provided me with books of checks that were pre-signed by them as trust managers, directing me to use them to pay the business expenses of Natural Way Systems.  Eventually, however, they simply wrote the checks for business expenses themselves without my involvement.  I told them, however, what expenses needed to be paid.  Frank Ozak also supplied me with a credit card issued to him that I used on some occasions to order products for

- 3 -

4595323.1

Natural Ways Systems. I would then turn the invoices from the credit card over to Ozak's accountant for payment.

9. Ozak and Wycoff informed me that they would prepare and file all tax returns for the trust entities they created. At no time, however, was I ever provided a copy of any of these tax returns.

10. I am aware of certain investments that Ozak and Wycoff suggested they make with the proceeds from Natural Way Systems that were placed into the Anna Correy Family Trust. I trusted their advice regarding the advisability of proposed investments. In two cases I was informed that investments they had made lost a total of $30,000. They also recommended that I invest $7,250 in "Sovereign Times Trust," an investment fund they informed me would earn up to three percent of the invested sum per month. Although Wycoff and Ozak claimed the sum was being invested in a diversified manner, and was therefore a safe investment, they later told me the Sovereign Times Trust had been shut down and the proceeds of investment frozen. To this day I have never recovered this sum.

11. In 2008, I received an IRS summons asking me for a copy of the rental agreement for the business office of Natural Ways Systems, and a copy of all checks written in 2005 and 2006 to pay that rent. At that time, I contacted Ozak and Wycoff, and learned from them for the first time that the Anna Correy Family Trust was itself being audited. They also told me that the banking institution responsible for the Anna Correy Family Trust's bank account had been served with a summons as well. None of this information had been volunteered previously by Wycoff and Ozak to me.

12. After I became aware of the above, I severed all ties with Ozak and Wycoff, and stopped depositing the Natural Way Systems gross income into the Anna Correy Family Trust.

- 4 -

4595323.1

13.   I subsequently learned several things about the trusts Ozak and Wycoff had created for me that caused me great concern.  For example, I learned that the trust documents provided that if the trusts were ever dissolved, Ozak and Wycoff were entitled to 51 percent of the trust assets.  This seemed grossly unreasonable to me, and was something that neither Ozak nor Wycoff ever disclosed to me.  I also learned that trust documents stated I was subject to a $100,000 fine if I ever discussed trust information with anyone.

14.   As a result of the audit of the Trust, the IRS determined that I owed $48,834 in unpaid taxes to the Government (not including penalties and interest).  I agreed to this determination because I did not ever wish to break the law and wanted to be in compliance.

15.   Ultimately, I believe I was greatly misled by Wycoff and Ozak into thinking that the trusts they created were legal entities.  I did not know that they used the trusts to enrich themselves.  They also hid from me certain features of the trusts that only benefitted them.  Their conduct resulted in my owing taxes to the Government and has caused me considerable financial hardship.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2010

_____
Rex Wilson

- 5 -

4595323.1