**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

JUN 2 3 2009

Area Director, California
**300 N. Los Angeles St.**
**Los Angeles, CA 90012**
Mail Stop # 1000

Person of Contact: **R. Huberman # 95-06483**
Telephone Number: **213-833-1180**
Refer Reply to **SP:1453 Mail Stop #4028**

Sterling M Paladin Family Trust
3425 Ocean Blvd., Ste. 112-422
Santa Monica, CA 90405
Attention: Frank Ozak, Trustee

# NOTICE OF JEOPARDY ASSESSMENT AND RIGHT OF REVIEW

Dear Mr. Ozak,

Under Sections 6861 and 7429(a)(1) of the Internal Revenue Code, you are notified that I have found you designing to conceal your property or transfer it with respect to The Sterling M. Paladin Family Trust, thereby tending to prejudice or render ineffective collection of income tax for the period ending December 31, 2005 and December 31, 2006. **See attachment for further explanation.**

Accordingly, based on information available at this time, I have approved assessment of tax and additional amounts determined to be due as reflected in the attached computations.

| Taxable Period(s) | Tax | Penalty | Interest |
|---|---|---|---|
| December 31, 2005 | $ 96,652.55 | $ 19,330.51 | $ 27,803.00 |
| December 31, 2006 | $141,632.00 | $ 28,326.00 | $ 24,944.00 |

Under Section 7429 of the Internal Revenue Code, you are entitled to request administrative and/or judicial review of this assessment action. The following paragraphs explain how such reviews are obtained.

## 1. Administrative Review by the Internal Revenue Service

For an administrative review by the Appeals Division of the Internal Revenue Service, you must file a written protest with the office of the Area Director shown above within 30 days from the date of this letter. Note: it is a prerequisite for a judicial review that this protest be filed. Your protest should request a redetermination of whether or not:

a) The making of the assessment is reasonable under the circumstances; and
b) The amount so assessed or demanded as a result of the action is appropriate under the circumstances.

When feasible, a conference will be held on an expedited basis to consider your protest. Your protest will be forwarded to the Area 9 Appeals Office where a conference will be held. If you submit new information or documentation for the first time at an Appeals conference, the Appeals Office may request comment from the Area Director on such evidence or documents.

Enforced collection action may proceed during any administrative appeal process unless arrangements are made regarding collection of the amount assessed. To make such arrangements, please contact R. Huberman at (213)833-1180.

## 2. **Judicial Review by the U. S. District Court**

You may request a judicial review of this assessment by bringing a civil suit against the United States in the U.S. District Court in the judicial district in which you reside or in which your principal office is located. (In very limited circumstances, you may request the U.S. Tax Court to review this assessment. See I.R.C. Section 7429(b)(2)(B). However, in order to have this assessment reviewed by the U.S. District Court, you must first request the administrative review discussed above. You can then file your civil suit within 90 days after the earlier of:

a) the day the Area Director notifies you of her decision based upon your request for administrative review, or

b) the 16th day after your written protest requesting the administrative review.

Within 20 days after the proceeding is commenced, the Court will make an independent determination of the same points raised in your protest to determine whether the making of the assessment is reasonable under the circumstances. The Court's determination is final and not reviewable by any other court.

## NOTICE OF DEFICIENCY TO BE ISSUED

If an agreement is not reached with the Internal Revenue Service, a Notice of Deficiency is required by law to be issued within 60 days from the date of this jeopardy assessment. See I.R.C. Section 6861(b). You will then have 90 days (150 days if the notice is addressed to a person outside the United States) from the date the Notice of Deficiency is mailed to file a petition with the United States Tax Court for a redetermination of the deficiency.

Sincerely yours,

Linda J. Petrillo
Director, Examination
California Area

Enclosure:
**Explanation of Assessment & Tax Computation**

Sterling M. Paladin Family Trust

EIN: 46-6112447

## EXPLANATION OF ASSESSMENT AND TAX COMPUTATION

Jeopardy Assessments were made against the Sterling M. Paladin Family Trust, in part, for the following reasons:

The Trust reported income of $162,242 in 2005 and $246,555 in 2006 and claimed income distribution deductions which reduced the taxable income to zero in both tax years. According to the schedule K-1, the Trust's beneficiary, Equity Management Trust (EMT) only reported the schedule K-1 income (distribution) in 2006 and did not report any income in 2005.

The Trust claimed to have paid or distributed income to Equity Management Trust, but based on the bank summons information, there were no cash distributions made to EMT during taxable years 2005 and 2006. In fact, review of the bank summons information revealed that the Trust maintained multiple bank accounts under different names.

Numerous attempts to contact the Trust's owners have failed. Our investigation has revealed that multiple names/parties and addresses, including addresses in foreign countries are used to conceal ownership. The tiering arrangements utilized by this and other similar trusts have circumvented the filing requirements with the eventual goal of avoiding the proper payment of income taxes by final distribution of income to trusts domiciled in foreign countries.

Therefore, your failure to respond to our correspondence and the arrangements used by this trust has led us to conclude that concealment and other factors have endangered the collection of tax deficiencies that are currently due.

INCOME: The adjustments to the income are based on information and documents filed with the Service and summoned bank information. We have determined to disallow, based on non-substantiation, the income distribution and other deductions for tax years ending 2005 & 2006. The following page shows the adjustments to your income and the resulting corrected tax liabilities and applicable penalties.

Sterling M. Paladin Family Trust

EIN: 46-6112447

|  | 2005 | 2006 |
|---|---|---|
| Income: | | |
| Gain from Sale of Property | 105,000 | 149,000 |
| Deductions: | | |
| Income Distribution Deduction | 162,242 | 245,251 |
| Fiduciary Fees | 10,157 | 13,045 |
| Attorney/Accountant/Preparer Fees | 1,304 | |
| Taxable Income | $278,703 | $407,296 |
| TAX: | | |
| Tax Rate Schedule – Trust | 96,652.55 | 141,632 |
| Total Tax Deficiency | $96,652.55 | $141,632 |
| PENALTY: | | |
| IRC 6662(a) | $19,330.51 | $28,326 |
| INTEREST: | | |
| Compounded daily | $ 27,803 | $24,944 |