FILED

2010 NOV 17 PM 2:03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ORIGINAL

Gwenn Wycoff
Frank Ozak
c/o 2801 Ocean Park Boulevard #296
Santa Monica, California 90403
Tel: 310-398-6370
Email: FCOZ2003@yahoo.com
In Propria Persona

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | **Case No. CV 10-5856-JHN(PLAx)** |
|---|---|
| Plaintiff, | Answer to Complaint for Permanent Injunction and Other Relief |
| v. | |
| Gwenn Wycoff and Frank Ozak, | |
| Defendants. | |

Defendants Gwenn Wycoff and Frank Ozak, by and through themselves in propria persona, hereby answer Plaintiff's Complaint in the above-captioned matter as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiff's Complaint because Defendants have not engaged in "commercial speech" for purposes of the sections of the United States Code cited in the underlying complaint.

### Third Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiff's Complaint because Defendants have not engaged in "false or fraudulent statements regarding tax law" for purposes of the sections of the United States Code cited in the underlying Complaint.

<u>Fourth Affirmative Defense</u>

The Court lacks subject matter jurisdiction over Plaintiff's Complaint because Defendants have not engaged in "false or fraudulent statements" for purposes of the sections of the United States Code cited in the underlying Complaint.

<u>Fifth Affirmative Defense</u>

The entire complaint, or the major part of it, is barred by the doctrine of laches.

<u>Sixth Affirmative Defense</u>

The entire complaint, or the major part of it, is barred by the doctrine of estoppel.

<u>Seventh Affirmative Defense</u>

The entire complaint, or the major part of it, is barred by the doctrine of res judicata.

<u>Eighth Affirmative Defense</u>

Defendants deny each and every allegation contained in the underlying Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the Complaint, Defendants admit, deny, or otherwise respond as follows:

1. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not have personal knowledge of such an extent which would allow them to admit or to deny the allegations contained in this paragraph.

2. The allegations contained in this paragraph constitute legal conclusions to which no response is required.

3. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, defendants admit that defendants have their place of business and residence in Los Angeles.

4. Admitted in part and denied in part. Defendants admit that Mr. Ozak has acted as general manager of Kenzington Fund during that Fund's existence. Mr. Ozak admits that he himself has on occasion appended the title, "Esq.", at the end of

his name, in accord with the title's original meaning, to show that he has the right to bear arms and to own land, but NOT for the purpose of representing himself as an attorney. Ms. Wycoff admits that she has been trust administrator and/or protector of several trusts. Otherwise, denied.

5. Mr. Ozak admits to acting as a trustee when the settlors could not provide their own trustees. Ms. Wycoff has not acted as a trustee. Otherwise, denied.

6. Denied.

7. Denied.

8. Denied.

9. Defendants admit that they have appeared personally to sell two printed volumes. Defendants also admit to being association with the creation of the volumes. Otherwise, denied.

10. Denied.

11. Denied.

12. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

13. Defendants admit that they assisted in the formation of a trust known as "Kenzington Fund". Otherwise, denied.

14. Defendants admit the first sentence of this paragraph. Otherwise, denied, particularly because the Kenzington Fund no longer exists as a legal entity.

15. Defendants admit that a website existed with the address, www.kenzington.com. Defendants also admit that a website also exists with the web address www.passingbucks.com. Otherwise, denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendants admit that Wycoff wrote articles entitled "Give It Away and Get It" and "Own Nothing, Control Everything." Defendants also admit that such articles were posted on www.kenzington.com. Otherwise, denied.

20. Defendants admit that they have been invited to attend dinner for the purpose of explaining the two-volume book for educational purposes. Otherwise, denied.

21. Defendants admit that they sell a book entitled The Art of Passing the Buck. Defendants also admit that have been promoted on a radio show. Defendants further admit that the first volume of the book they are selling currently costs $39.95, and the second volume can cost up to $500.00. Otherwise, denied.

22. Defendants admit to being involved with the creation of the volumes. Otherwise, denied.

23. Defendants admit that the two volumes mentioned in this paragraph. demonstrate how to create and maintain trusts. Defendants also admit that at the end of each of the two volumes exists contact information for "Charles Arthur Enterprises". Otherwise, denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admit to the first three sentences of this allegation. Also admit to the fifth sentence and the last sentence of the paragraph. Otherwise, denied.

30. Denied, on the grounds that this allegation is barred by estoppel.

31. Denied, on the grounds that this allegation is barred by estoppel.

32. Denied, on the grounds that this allegation is barred by estoppel.

33. Denied, on the grounds that this allegation is barred by estoppel.

34. Denied, on the grounds that this allegation is barred by estoppel.

35. Denied, on the grounds that this allegation is barred by estoppel.

36.   Denied, on the grounds that this allegation is barred by estoppel.

37.   Denied, on the grounds that this allegation is barred by estoppel.

38.   Denied, on the grounds that this allegation is barred by estoppel.

39.   Denied, on the grounds that this allegation is barred by estoppel.

40.   Denied, on the grounds that this allegation is barred by estoppel.

41.   Denied, on the grounds that this allegation is barred by estoppel.

42.   Denied, on the grounds that this allegation is barred by estoppel.

43.   Denied, on the grounds that this allegation is barred by estoppel.

44.   Denied, on the grounds that this allegation is barred by estoppel.

45.   Denied, on the grounds that this allegation is barred by estoppel.

46.   Denied, on the grounds that this allegation is barred by estoppel.

47.   Denied, on the grounds that this allegation is barred by estoppel.

48.   Denied, on the grounds that this allegation is barred by estoppel.

49.   Denied, on the grounds that this allegation is barred by estoppel.

50.   Denied, on the grounds that this allegation is barred by estoppel.

51.   Denied, on the grounds that this allegation is barred by estoppel.

52.   Denied, on the grounds that this allegation is barred by estoppel.

53.   Denied, on the grounds that this allegation is barred by estoppel.

54.   Denied, on the grounds that this allegation is barred by estoppel.

55.   Denied, on the grounds that this allegation is barred by estoppel.

56.   Denied.

57.   Denied, on the grounds that this allegation is barred by estoppel.

58.   Denied.

59.   Denied, on the grounds that this allegation is barred by estoppel.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied, on the grounds that this allegation is barred by estoppel.

68.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

69.    Denied, to the same extent as regards the allegations in Paragraphs 1 through 68.

70.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

71.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

72.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Admit that The Art of Passing the Buck contains expressive political speech. Otherwise, denied.

77.    Denied.

78.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

79.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

80.    Denied, to the same extent as regards the allegations in Paragraphs 1 through 79.

81.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

82.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for a judgment dismissing the complaint with prejudice, and for such further relief as the Court may deem just.

Dated: November 17, 2010          RESPECTFULLY SUBMITTED,

Gwenn Wycoff, In propria persona

Frank Ozaki, In propria persona

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )

                             )       SS

COUNTY OF LOS ANGELES        )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street, No. 19, Orange, CA  92865

On November 17, 2010 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION**

**AND OTHER RELIEF**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

BRIAN H. CORCORAN
Trial Attorney, Tax Division
U.S Department of Justice
Post Office Box 7238
Washington, DC  20044

With a return address of:

Gwenn H. Wycoff and Frank C. Ozak
2801 Ocean Park Blvd., No. 296
Santa Monica, CA  90405

I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on November 17, 2010 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

Heidemarie Kauahikaua

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA**          )

                                 )          **SS**

**COUNTY OF LOS ANGELES**        )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street, Orange, CA  92865

On November 17, 2010 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION**

**AND OTHER RELIEF**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

SANDRA R. BROWN and DARWIN THOMAS

Assistant United States Attorneys

Chief, Tax Division

Federal Building, Room 7211

300 North Los Angeles St.

Los Angeles, California 90012

With a return address of:

Gwenn H. Wycoff and Frank C. Ozak

2801 Ocean Park Blvd., No. 296

Santa Monica, CA  90405

I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on November 17, 2010 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

*Heidemarie Kauahikaua*

Heidemarie Kauahikaua