ANDRÉ BIROTTE JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS
Ca. Bar No. 80745
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2740
Facsimile:   (213) 894-0115
Email: darwin.thomas@usdoj.gov

BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: brian.h.corcoran@usdoj.gov

Attorneys for Plaintiff, United States

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>GWENN WYCOFF, and<br>FRANK OZAK,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. CV10-5856-JHN (PLAx)<br><br>     **RULE 26(F)**<br>     **JOINT STATUS REPORT** |

Plaintiff United States of America (The "United States"), and Defendants Gwenn Wycoff and Frank Ozak, for their Joint Status Report submitted pursuant to

4575123.1

Fed. R. Civ. P. 26(f), and this Court's November 18, 2010 Order, respectfully submit as follows:

    a. <u>Statement of the case</u>:

        (1) <u>United States' Statement</u> - The United States seeks to enjoin the Defendants under 26 U.S.C. §§ 7402 and 7408 of the Internal Revenue Code ("I.R.C.") from further promoting tax fraud schemes. The United States' complaint alleges that Wycoff and Ozak promote - through personal appearances, a website, and a self-published two-volume work they co-wrote entitled <u>The Art of Passing the Buck</u> - the creation of common-law trusts. They urge taxpayers to place all personal assets, as well as their businesses, into a variety of related trusts in order to create the impression that the taxpayer no longer owns the assets at issue. Thereafter, the complaint alleges, the trusts are ostensibly run by independent trustees (often Ozak and Wycoff themselves), when in fact the customers who created the trusts continue to exercise substantial control over the assets placed into the trusts in many ways (although Ozak and Wycoff also made investment decisions with respect to some of their customers' trusts without their knowledge). A major goal in creation of such trusts, the complaint asserts, is to make it appear as if the taxpayers themselves have little to no income, and thereby evade the payment of federal income taxes. Indeed, as the complaint alleges, Wycoff and Ozak have their customers sign an "Oath of Privacy" (in which they agree to not disclose trust business or face penalties of up to $100,000) as a means of preventing customers from disclosing facts revealing the illegality of the trusts to the Government.

    The Government's lawsuit contends that the trusts created with the assistance of Wycoff and Ozak (including one they created for themselves) have been repeatedly determined either to be sham entities or to have made false and fraudulent claims in the trust income tax returns. Such misconduct has caused great harm; the total amount

4575123.1

of tax deficiencies assessed by the Government to date in just four cases involving Wycoff and Ozak-created trusts is over $1.1 million.  Because Wycoff and Ozak's continual and repeated promotion of such sham common law trusts constitutes acts in violation of I.R.C. §§ 6700 and/or 6701, and because absent injunctive relief the Defendants will not cease in their misconduct, they should be permanently enjoined from continuing to do so under §§ 7408 and/or 7402.

(2) Defendants' Statements - Defendants (hereinafter "Responding Parties") contest the current lawsuit, ostensibly brought by the United States of America, but in fact brought by counsel for Plaintiff (hereinafter, "Counsel for Plaintiff"). Further, responding parties contest the alleged presentations of 'facts' by Counsel for Plaintiff, and assert instead the following:

Responding Parties have worked since 1998 to assist third parties to form and to maintain *valid* personal and family trusts, in much the same way as document preparing companies such as www.legalzoom.com have done so. To that end, between 2000 and 2004, Responding Parties assisted several individuals and families to form such trusts. While Counsel for Plaintiff has alleged such trusts to be 'sham', to date, they have offered no proof of this allegation, other than their own  unsubstantiated belief.

In the process of helping to form and to maintain such trusts, Responding Parties relied upon third parties to prepare tax returns for such trusts.  These third parties appear to have later been subject to investigation by the Internal Revenue Service, and in consequence, it would appear that Responding Parties have been subject to investigation by the IRS as well.

In part because of such investigation, and in part because of the experience of Responding Parties in finding that the individuals and families repeatedly failed to follow the recommendations of Responding Parties, Responding Parties discontinued

4575123.1

the practice of directly assisting third parties in the formation and/or maintenance of trusts. Responding parties do not intend on continuing such practice in the future, and are willing to stipulate to that effect.

Since 2004 and to the present, Responding Parties have been involved with some third parties in the preparation, publication, and occasionally, the sale of certain documents as regards trust formation and management. These documents include those found at the website www.passingbucks.com and the two-volume series, *The Art of Passing the Buck*. Responding Parties are neither the main, nor the only, individuals who have so prepared, etc., such documents.

Responding Parties contend that the above-mentioned documents concern proper trust formation and maintenance, thoroughly focused on trust administration procedures, family preparation for financial transitions, and references to federal and state tax law in such documents are few. In the main, such references to tax law either recommend *against* the violation of tax law, or recommend the reader seek the assistance of tax professionals in the formation and maintenance of trusts. In the few instances where the documents refer to tax law, it is either by reference to particular cases and statutes, or the direct quotation of such authority.

As will be stated with further particularity later in this Joint Status Report, Responding Parties have repeatedly offered to correct any inaccuracies in tax law in any of the above-mentioned documents, if such would only be pointed out to Responding Parties.

In comparing the alleged 'falsehoods' cited in the complaint with the actual statements in the abovementioned documents, Responding Parties find that the alleged statements bear the same resemblance to what those documents actually say as the lightning bug resembles the lightning.

4

4575123.1

Responding Parties can only assume that Counsel for Plaintiff had failed actually to read *The Art of Passing the Buck* and other such documents, but brought the present action in the hope that Responding Parties would fail to respond, and that their default would be taken and a permanent injunction would issue (as appears to be the case for most reported cases dealing with 26 U.S.C. 7402 and 7408.)

Because Responding Parties are willing to stipulate not to directly assist third parties in trust formation during the time it takes to straighten out this confusion, and because Responding Parties are willing to remove any statements in the above documents which are shown to be materially false to federal tax law, Responding Parties contend that a permanent injunction under 26 U.S.C. 7402 and 7408 would be inappropriate.

b. <u>Subject matter jurisdiction</u>: As alleged in the complaint, jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and I.R.C. §§ 7401, 7402(a) and 7408. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and I.R.C. § 7407(a) because the Defendants reside in this judicial district. While the Responding Parties/Defendants do not contest the use of jurisdiction or venue as described by Counsel for Plaintiff, they do question its appropriateness in the present case.

c. <u>Legal issues</u>:

(1) *Issues presented by Government's claims* - The United States seeks entry of a permanent injunction against the Defendants under Sections 7402 and 7408 of the Internal Revenue Code. Under Section 7408, injunctive relief may be entered if this Court finds that the defendants have engaged in conduct specified in the section, and that injunctive relief would be appropriate to prevent the recurrence of such conduct. As defined in Section 7408(c), "specified conduct" includes conduct violative of Sections 6700 or 6701, which prohibit the promotion of tax-evading schemes, plans or arrangements. The Government's complaint alleges that the

4575123.1

Defendants' promotion of sham common law trusts violate either, or both, of these provisions of the Internal Revenue Code.

Under Section 7402, by contrast, this Court may enjoin the Defendants "as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a). Injunctive relief may thus be entered against the Defendants under Section 7402 regardless of whether their conduct violates a specific provision of the Internal Revenue Code. The Government contends in its complaint that, taken as a whole, the Defendants' misconduct (which includes resistance to legitimate efforts by the IRS to investigate the Defendants, as well as encouraging their customers to similarly resist Governmental inquiries) provides grounds for entry of injunctive relief under Section 7402.

(2) *Issues presented by Defendants/Responding Parties* - Counsel for Plaintiff seeks to enjoin publication of a number of documents, including *The Art of Passing the Buck*. In response, Responding Parties contend that such publications are absolutely protected under the First Amendment as political and instructional speech. Further, attempts by Counsel for Plaintiff to characterize such documents as commercial speech are ineffective, in that any alleged advertisements are minimal to the point of being nugatory.

Assuming, *arguendo*, that such documents do constitute commercial speech which may be regulated by this honorable Court, Counsel for Plaintiff have yet to prove with particularity that such documents contain statements which are materially false to federal tax law. But even if Counsel for Plaintiff can meet such burden of proof, a less intrusive and more appropriate remedy would be to edit such documents to remove any alleged falsehood, rather than a wholesale injunction against publication.

4575123.1

Additionally, Responding Parties contend that the introduction of evidence about alleged wrongdoing before 2006 is estopped, both by the doctrine of laches, and by the doctrines of collateral estoppel and issue preclusion as a result of the prior case of *U.S. v. McCalip, et al.*

   d.  Parties, evidence, etc.:

         (1) *Plaintiff* - United States.

         (2) *Defendants/Responding Parties* - Gwenn Wycoff and Frank Ozak.

         (3) *Witnesses* - (i) for Plaintiff: Revenue Agent Susan Lee; Revenue Agent Thomas Cheung; Revenue Agent Fred Chynoweth; Rex Wilson; George Serban; Rita Serban; Frank Ozak; Gwenn Wycoff.

The above list is incomplete and only identifies significant witnesses of whom the United States is aware at this early stage in proceedings.

         (ii) for Defendants/Responding Parties: Revenue Agent Susan Lee; Revenue Agent Thomas Cheung; Revenue Agent Fred Chynoweth; Rex Wilson; George Serban; Rita Serban; (in cross-examination).

The above list is incomplete and only identifies significant witnesses of whom Responding Parties are aware at this early stage in proceedings.

         (4) *Exhibits* - (i) for Plaintiff: *see* exhibits attached to Plaintiff's Preliminary Injunction Motion, dated October 8, 2010 (Docket No. 10). The exhibits set forth therein is an incomplete set of likely exhibits that would be offered at trial, and only includes those significant documents of which the United States is aware at this early stage in proceedings.

         (ii) For Defendants/Responding Parties: *The Art of Passing the Buck, Volumes I and II.* All documents cited by Counsel for Plaintiff in their Complaint. Gary Tedder, Declaration; The Search for Trust - TKF Document September 25, 2003. Responding Parties also plan to make use of IRS publications

7

4575123.1

as exhibits, and specify for inclusion in this report the brochure <u>Too Good to be True Trusts</u>, Publication 2193. Responding Parties reserve the right to cite other publications as may be necessary.

The exhibits set forth herein is an incomplete set of likely exhibits that would be offered at trial, and only includes those significant documents of which the Responding Parties are aware at this early stage in proceedings.

e. <u>Damages</u>: The United States seeks the entry of permanent injunctive relief in this lawsuit, and does not demand monetary damages. Responding Parties reserve the right to assert damages, whether actual, consequential, or punitive, in the event that discovery reveals any actionable wrongdoing by Counsel for Plaintiff.

f. <u>Insurance</u>: not applicable.

g. <u>Motions</u>: The United States does not anticipate filing any procedural motions, such as a motion to transfer venue or amend pleadings. As discussed in greater detail below, there is currently pending the United States' motion for a preliminary injunction, filed in October.

Responding parties reserve the right to file a motion to amend pleadings, in the event that future discovery reveals any actionable wrongdoing by Counsel for Plaintiff. As discussed in greater detail below, there is currently pending the Responding Parties' opposition to Counsel for Plaintiff's motion for a preliminary injunction, filed in October.

h. <u>Manual for Complex Litigation</u>: not applicable.

i. <u>Status of Discovery</u>: No discovery has occurred to date, although the parties have agreed upon a date for service of Rule 26(a) initial disclosures (*see* Paragraph j below).

4575123.1

j. Discovery Plan:

(1) *Rule 26(a)(1) Disclosures*: The parties propose to exchange initial disclosures on or before January 14, 2011;

(2) *Overview of Discovery*: *see* Sections k, l, and timetable attached to Section r. (i) for United States: The United States expects to focus fact discovery on evaluating the current nature of the Defendants' alleged misconduct in promoting sham common law trusts - in particular over the past two to three years. In addition to the Defendants themselves, the United States may depose some third parties who have been assisted by the Defendants in the formation of common law trusts, as well as one or more of the Defendants' colleagues, although it will target such discovery in an efficient manner and with the goal of asserting a summary judgment motion at the earliest possible date. The United States will likely require less discovery if its pending preliminary injunction motion is granted. The United States will vehemently oppose any efforts by the Defendants to expand discovery beyond that relevant to the claims and defenses asserted in this case, such as "the nature and extent of investigation" by the Government that resulted in the filing of this action.

(ii) for Defendants/Responding Parties: Responding Parties expect to focus fact discovery on the following issues: a) alleged material falsehoods in *The Art of Passing the Buck* and other such documents; b) the nature and extent of investigation by the IRS, the DOJ, and Counsel for Plaintiff before bringing the case of *U.S. v. McCalip, et al.*, and c) the nature and extent of investigation by the IRS, the DOJ and Counsel for Plaintiff before bringing the present action.

In addition, Responding Parties plan to depose in cross examination those third parties whom Counsel for Plaintiff may seek as witnesses in deposition. Responding parties reserve the right to seek deposition or subpoena of other witnesses, as such are revealed in the course of discovery or Responding Parties' own investigations.

4575123.1

Responding Parties further reserve the right to conduct discovery on other appropriate issues which may be raised as a result of initial discovery.

(3) *Changes to Discovery Limitations*: The parties will abide by the limitations on discovery set forth in the Federal Rules. The parties request that they be permitted to seek leave of court to increase such limitations, however, in the event good cause exists to do so.

k. <u>Discovery cut-off</u>: The parties propose June 30, 2011 as the cut-off for fact discovery.

l. <u>Expert discovery</u>: The parties agree to exchange (a) Rule 26(a)(2)(B) information regarding any witness they may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705 on or before July 29, 2011, and (b) Rule 26(a)(2)(C)(ii) information intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) on or before August 31, 2011. The parties further agree to complete expert depositions on or before September 30, 2011.

m. <u>Dispositive motions</u>: The United States anticipates filing a motion for summary judgment seeking entry of a permanent injunction against the Defendants, based either on fact findings made by the Court in any order granting the preliminary injunction motion, and/or on facts adduced in discovery. The United States will file this motion as soon as possible, but in any event by no later than July 29, 2011.

Responding Parties anticipate filing opposition to any motion for summary judgment filed by Counsel for Plaintiffs, seeking entry of a permanent injunction against the Responding Parties. Responding Parties also reserve the right to file motions for summary judgment or summary adjudication of issues, based either on the affirmative defenses raised in Responding Parties' Answer, or on any actionable

4575123.1

wrongdoing of Counsel for Plaintiff found which might be found in the course of discovery.

n. Settlement: (i) for United States:The parties have had cursory settlement discussions to date but have not discussed specific terms, nor have they significantly narrowed existing differences. Pursuant to Local Rule 16-15.4, the United States requests selection of Settlement Procedure No.3 (participation in a non-judicial dispute resolution proceeding).

With respect to the issue of settlement, the United States further notes that the trial attorney representing it in this matter has no settlement authority, and therefore would require the input and approval of an appropriate Department of Justice official with settlement authority before any nascent settlement could be formally approved by the Government. However, the recommendation and input of the trial attorney is of importance in weighing any settlement proposal. In order to expedite any formal settlement mechanisms that may come into play, the United States requests that the Department of Justice official with full settlement authority in this case not be required to personally appear at any court-ordered settlement conference, but that instead he be available by telephone in the event his approval for proposed settlement terms is required.

(ii) for Defendants/Responding Parties: Responding Parties for their part have repeatedly offered, in the course the present case to edit any statements in publications which are offered in the webpage, www.passingbucks.com, which are materially false to IRS rules or regulations, in the event that Counsel for Plaintiff were to identify such, and to show in what way they were so materially false. To date, Counsel for Plaintiff has failed and refused to respond to such offers. Responding parties would agree with Counsel for Plaintiff to selection of Settlement Procedure No. 3 (*cf.* Local Rule 16-15.4), in the event that the non-judicial arbitrator(s) can be

11

4575123.1

shown to have both knowledge of and experience with the formation and maintenance of irrevocable trusts.

o. Trial estimate: (i) for United States: This matter must be tried by the Court pursuant to Sections 7402 and 7408. The United States anticipates needing only three trial days, and expects to call between seven and ten witnesses, including the defendants.

(ii) for Defendants/Responding Parties: While Responding Parties concede that the law is settled that actions under 26 U.S.C. Sections 7402 and 7408 are determined by the Court, Responding parties reserve the right to jury trial to issues and to causes of action which may later appear, and for which jury trial may be authorized. Responding parties anticipate needing five trial days because of the technical nature of irrevocable trust. In addition, Responding Parties expect to cross-exam the witnesses Counsel for Plaintiff may call, and expect to call no more than ten witnesses themselves.

p. Trial counsel:

(1)    For United States: Brian H. Corcoran.

(2)    For Defendants: Frank Ozak and Gwenn Wycoff.

q. Independent Expert or Master: The United States does not believe there is a need for appointment of a master pursuant to Rule 53, or for the appointment of an independent scientific expert.

r. Timetable: see attached.

s. Other Matters:

(1) The United States' October motion for entry of a preliminary injunction motion is pending before the Court. The United States respectfully requests that the Court rule upon it as soon as possible. Should the motion be ruled upon favorably, the discovery taken in this case by the United States will likely be far

12

4575123.1

more limited than if the motion is denied. And once such discovery was completed, the Government would move promptly for summary judgment converting the preliminary injunction to a permanent injunction.

(2) E-discovery: pursuant to Fed. R. Civ. P. 26(f)(3)(C), the parties have discussed the discovery of electronically-stored information ("ESI") and the form or forms in which it should be produced. The United States will seek the disclosure of computer files and e-mails from the Defendants, as maintained on their personal computers or any computers used for their promotion of common law trusts, to the extent relevant and responsive ESI exists of that nature. The parties do not require that such materials be produced in their native format, however. For its part, the United States understands that materials it would produce to the Defendants in this case relevant to its claims and defenses (information from the investigation file of the Defendants) are overwhelmingly maintained by the IRS in paper form; the only ESI the United States is aware are potentially e-mails among IRS personnel involved in the investigation of the Defendants, to the extent such e-mails contain facts relating to the claims and defenses in this case and/or are not shielded from discovery by privilege. The United States will produce paper or pdf copies of such e-mails if their production is requested by the Defendants.

(3) Matters Raised by Defendants/Responding Parties: Responding Parties have asserted, both in their opposition to Counsel for Plaintiff's Motion for Preliminary Injunction, and elsewhere in their Answer and Motion for Further Statement, that crucial issues in Counsel for Plaintiff's case include whether the publications which Counsel for Plaintiff seeks to enjoin from publication are political and educational speech absolutely protected by the First Amendment, or are commercial speech which this Court may regulate in some way.

4575123.1

Assuming, *arguendo,* that the above publications are commercial speech, Counsel for Plaintiff has failed to *quote* or otherwise to cite alleged statements in those publications which are materially false to IRS rules or regulations, and has instead made conclusory allegations as to what those publications state, in spite of Responding parties' repeated requests for such specific quotes.

Counsel for Plaintiff's failure to address these issues, and to identify such alleged material falsehoods, is puzzling to Responding Parties, particularly as they have repeatedly offered to edit and otherwise to correct any such falsehoods as soon as they are sufficiently identified. Responding Parties therefore respectfully request that unless and until such alleged material falsehoods are identified, either by Counsel for Plaintiff's action, or by responses to discovery initiated by Responding parties, that this Honorable Court deny or otherwise not respond to Counsel for Plaintiff's Motion for Preliminary Injunction, and that it postpone any action on a future Motion for Permanent Injunction, until Responding Parties have had the opportunity adequately to respond to the above issues.

14

4575123.1

Dated: December 20, 2010

ANDRÉ BIROTTE JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS
Ca. Bar No. 80745
Assistant United States Attorney

/s/Brian H. Corcoran
Brian H. Corcoran
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
Email: brian.h.corcoran@usdoj.gov

Counsel for the United States
of America

Frank Ozak                          Pro Se

Gwenn Wycoff                        Pro Se

2801 Ocean Park Boulevard #296
Santa Monica, California 90403
Telephone: (310) 398-6370
Email: fcoz2003@yahoo.com

Counsel *pro se*

15

4575123.1