UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. 2:10-cv-05856-JHN-PLAx |
|---|---|---|

**ORDER RE COURT TRIAL**

**I.   ORDER RE DEADLINES:**

A.  Adding Parties or Amending Pleadings: <u>February 28, 2011</u>;

B.  Discovery Cut-off: <u>June 30, 2011</u>;

C.  Expert Witness Exchange Deadline: Initial: <u>July 29, 2011</u>; Rebuttal: <u>August 31, 2011</u>; Cut-off: <u>September 30, 2011</u>;

D.  Motion Hearing Cut-off: <u>September 26, 2011</u>;

E.  Settlement Conference Cut-off: <u>October 24, 2011</u>;

F.  Final Pretrial Conference:  <u>January 30, 2012,  at 10:30 a.m.</u>;

G.  Trial Date:  <u>February 28, 2012, at 8:30 a.m.</u>

**II.     ORDER RE TRIAL PREPARATION**

**III.    ORDER GOVERNING CONDUCT OF ATTORNEYS AND PARTIES**

UNITED STATES OF AMERICA,

Plaintiff,

v.

GWENN WYCOFF, and FRANK OZAK

Defendants.

revised 12-29-09

# I

# DEADLINES

### A.   PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be heard on or before the cut-off date.  All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

### B.   DISCOVERY AND DISCOVERY CUT-OFF

1. Discovery Cut-off:  The Court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, is to be completed.

2. Discovery Disputes:  Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery.  Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner.  The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions").

3. Discovery Motions:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

4. Depositions:  All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.  Given the requirements to "meet and confer," and notice

revised 12-29-09                                                 - 2 -

requirements, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

5. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. Expert Discovery: All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C.     LAW AND MOTION

The Court has established a cut-off date for the hearing of motions. All motions must be noticed so that the hearing takes place on or before the motion cut-off date. Counsel must provide Chambers with conformed Chambers copies of all documents. Chambers copies should not be put in envelopes. Counsel should consult the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules>Hon. Jacqueline H. Nguyen for further information regarding motion procedures.

D.     FINAL PRETRIAL CONFERENCE

1. A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8. Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted

revised 12-29-09                                        - 3 -

resumes.

The Court encourages, but does not require, counsel to agree to submit direct testimony of witnesses by way of declaration or written statement confirmed under oath by the witness. *See* Local Rule 16-11.2(b).

E.     SETTLEMENT PROCEDURES

A settlement procedure must be identified in every case pursuant to Local Rule 16-15, et seq. Counsel must complete a settlement conference no later than the date set by the Court at the scheduling conference. Not to the exclusion of other procedures, the following are available:

(1)     a settlement conference before the magistrate judge assigned to the case;

(2)     a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3)     the employment (at the parties' expense) of a private judge,  mediator, or arbitrator.

If a case is selected for the Mandatory ADR Program, the parties may choose option (3) instead, but may not choose option (1). Judge Nguyen will hold a settlement conference at the request of the parties in jury trial cases with a trial estimate of more than four days.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

## II

## ADDITIONAL TRIAL PREPARATION

A.     MOTIONS *IN LIMINE*

All motions *in limine* must be filed at least three weeks before the final pretrial conference. Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence,

revised 12-29-09                                    - 4 -

and to attempt to reach an agreement that would obviate the motion.  Opposition must be filed two weeks before the final pretrial conference.  The Court will rule on motions *in limine* at the final pretrial conference.  Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.).  Motions *in limine* should not be disguised motions for summary adjudication of issues.

> B.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. For any matter requiring findings of fact and conclusions of law, counsel for each party shall, no later than 21 days before trial, file with the Court and serve on opposing counsel that party's proposed findings of fact and conclusions of law in the format specified in Local Rule 52-3.

2. Seven days before the trial date, each counsel shall file with the Court and serve on opposing counsel a copy of the opposing party's proposed findings of fact and conclusions of law, marked as follows:

> (a)  Strike through those portions the party disputes;
>
> (b)  Bold those portions the party admits; and
>
> (c)  Underline those portions the party admits but considers irrelevant.

The parties may agree to and advise the Court of some other method of differentiating among these three categories, such as color coding.

3. Counsel need not make a uniform determination as to an entire proposed finding or conclusion.  Counsel may agree with a portion, dispute another portion, and consider a portion irrelevant.  Counsel are urged, however, to have only a single fact or conclusion of law contained in each paragraph.

4. The parties may submit supplemental proposed findings of fact and conclusions of law during the course of the trial.  If more than five supplemental findings are proposed, the same designating procedures should be used.

revised 12-29-09                          - 5 -

5.      Each party must submit its own unmarked proposed findings of fact and conclusions of law to the Chambers e-mail box in a Word or WordPerfect format.

C.      TRIAL EXHIBITS

1. Counsel are to prepare their exhibits for presentation at the trial by placing them in binders indexed by exhibit number with tabs or dividers on the right side.  Counsel shall submit to the Court an original and one copy of the binders.  The exhibits shall be in three-ring binders labeled on the spine portion of the binder as to the volume number and contain an index of each exhibit included in the volume.  Exhibits must be numbered in accordance with Local Rule 16-6.

2. The Court requires that the following be submitted to the Courtroom Deputy Clerk ("CRD") on the first day of trial:

a.  The binder of original exhibits with the Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.

b.  One binder with a copy of each exhibit tabbed with numbers as described above for use by the Court, and one binder for the use of the CRD and court reporter.  (Exhibit tags are not necessary on these copies.)

c.  Three copies of exhibit lists.

d.  Three copies of witness lists in the order in which the witnesses may be called to testify.

3. All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhibits that may be received into evidence at the start of the trial.  The exhibits to be so received will be noted on the extra copies of the exhibit lists.

D.      TRIAL

revised 12-29-09                          - 6 -

Trial days are Tuesday through Friday from 9:00 a.m. to approximately 4:00 p.m. with two fifteen-minute breaks and a one-hour lunch break.   On the first day of trial counsel must appear at 8:30 a.m. to discuss preliminary matters with the Court.

### E.   **COURT REPORTER**

Any party requesting special court reporter services for any hearing (i.e. real time transmission, daily transcripts) shall notify the reporter as least 2 weeks before the hearing date.

### III

### CONDUCT OF ATTORNEYS AND PARTIES

A.   OPENING STATEMENTS, EXAMINING WITNESSES, AND SUMMATION

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc.  Counsel may do so in advance.

3. The Court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

B.   OBJECTIONS TO QUESTIONS

1. Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

C.   GENERAL DECORUM

1. Counsel should not approach the CRD or the witness box without specific permission.  If permission is given, counsel should return to the lectern

revised 12-29-09                                    - 7 -

when the purpose has been accomplished.  Counsel should not question a witness at the witness stand.

2.  Counsel should rise when addressing the Court, and when the Court enters or leaves the courtroom.

3.  Counsel should address all remarks to the Court.  Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel.  If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers shall be addressed to the Court.  Such requests should be limited.  Requests may not be granted.

4.  Counsel should not address or refer to witnesses or parties by first names alone.  Young witnesses (under 14) may, however, be addressed and referred to by first names.

5.  Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6.  While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

7.  Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness.  Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8.  Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D.      PROMPTNESS OF COUNSEL AND WITNESSES

1.  The Court makes every effort to begin proceedings at the time set.  Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The Court will advise other courts that

revised 12-29-09                                    - 8 -

counsel are engaged in trial in this Court on request.

2. If a witness was on the stand at a recess, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

4. Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

5. No presenting party may be without witnesses.  If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

6. The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the Court in advance.

E.    EXHIBITS

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification.  To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no

revised 12-29-09                                  - 9 -

further motion to admit need be made.

5. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

6. Counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

F.     DEPOSITIONS

1. All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD on the first day of trial or such earlier date as the Court may order. Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2. In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

(a) If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

(b) If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b)

revised 12-29-09                                    - 10 -

have counsel read both the questions and answers.

G.   USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted.  Copies of this new document should be given to the Court and opposing counsel.  This procedure is intended to save time.

H.   ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine*.  See Fed. R. Evid. 103.

IT IS SO ORDERED.

DATED:      January 7, 2011

_____
Jacqueline H. Nguyen
United States District Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ) | Case No.          -JHN-x |
| ) |  |
| ) |  |
| ) |  |
| Plaintiff(s),          ) |  |
| ) |  |
| vs.          ) |  |
| ) | **WITNESS LIST** |
| ) |  |
| ) |  |
| ) |  |
| Defendant(s).          ) | *SAMPLE FORMAT* |
| ) |  |

| WITNESSES FOR PLAINTIFF | DATES OF TESTIMONY |
|---|---|
|  |  |
|  |  |
|  | (*to be filled in during trial*) |
|  |  |
|  |  |
|  |  |
| WITNESSES FOR DEFENDANT |  |
|  |  |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br><br>vs.<br><br><br><br>Defendant(s). | CASE NO.  CV<br><br><br><br>**EXHIBIT LIST**<br><br>*SAMPLE FORMAT* |

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____                                    TRIAL DATE: _____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 |  |  |  |  |  |
| 2 |  |  |  |  |  |
| 3 |  |  |  |  |  |
| 4 |  |  |  |  |  |
| 5 |  |  |  |  |  |
| 6 |  |  |  |  |  |
| 7 |  |  |  |  |  |
| 8 |  |  |  |  |  |
| 9 |  |  |  |  |  |
| 10 |  |  |  |  |  |
|  | TOTAL ESTIMATES THIS PAGE: |  |  |  |  |

Instructions:

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter;" (5) Entries may be in handwriting if very neat and legible.