"Lodged Proposed Order"

ORIGINAL

2011 APR -8 PM 12: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Frank Ozak
Gwenn Wycoff
c/o 2801 Ocean Park Boulevard # 296
Santa Monica, California 90403
Tel: 310-915-0135
e-mail: fcoz2003@yahoo.com
In Propria Persona

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Gwenn Wycoff and Frank Ozak,<br><br>Defendants. | **Case No: CV 10-5856-JHN (PLAx)**<br><br>**NOTICE OF MOTION AND MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION; MEMORANDUM OF LAW**<br>**(Fed. R. Civ. P. 59(e))**<br><br>**Date:** *MAY 9, 2011*<br>**Time:** *2 PM*<br>**Court:** *790* |

## Relief Sought

Defendants Gwenn Wycoff and Frank Ozak (hereinafter "Moving Parties") move this court under Rule 59(e) of the Federal Rules of Civil Procedure to alter the Preliminary Injunction entered by this Honorable Court on March 11, 2011, to limit the injunction imposed by the court by the removal of two words from that Preliminary Injunction.

## Grounds for Relief

As more fully explained in the Supporting Memorandum of Law, justice requires that the judgment in this matter be altered as requested in this Motion because, as drafted, the injunction is over-broad, acts

NOTICE OF MOTION AND MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION; MEMORANDUM OF LAW                    Page 1

unjustly toward Moving Parties, in that it restricts actions and activities other than those intended by the court, and that it would act to impair the First Amendment rights of third parties, for the reasons that follow:

1.      The Honorable Court's Preliminary Injunction indicates that the judgment was not intended to violate First Amendment rights.  In footnote 2 of the Preliminary Injunction, found at Page 7, lines 14-16, the Honorable Judge states:  "Defendant's main objection to the present motion is that the information they publish is protected by the First Amendment. For this reason, the Preliminary Injunction shall only forbid Defendants' illegal speech."

2.      The Preliminary Injunction, at Paragraph G, Page 13, lines 2 to 4, states "[p]ursuant to 26 U.S.C. § 7402, the Defendants shall provide to the United States a list of all persons who have purchased their products, services, advice, or **publications** in the past five years, and shall certify to this Court in writing that they hve done so within 30 days of the date of entry of this Order." (**emphasis added**)

3.      As indicated in the Memorandum of Law attached hereto, the effect of the emphasized word in Paragraph G of the Preliminary Injunction would be to violate the First Amendment rights of readers of The Art of Passing the Buck, and further, would have a chilling effect upon the First Amendment rights of the owners and publishers of The Art of Passing the Buck.

4. Furthermore, Paragraph B of the Preliminary Injunction, found at Page 12, lines 11 to 13, states: "Pursuant to 26 U.S.C. §§ 7402 and 7408, the Defendants are preliminary enjoined from using or creating, as well as promoting the use and creation of, any trusts for themselves or others **that have the effect of violating or are employed to violate the law**

NOTICE OF MOTION AND MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION; MEMORANDUM OF LAW          Page 2

in any means or fashion set forth in Paragraph A above;" (emphasis added). Moving Parties contend that the emphasized words convey the intent of this Honorable Court to restrict Moving Parties from engaging in illegal activity, but a willingness to permit Moving Parties to engage in legal and legitimate business.

5.      However, Paragraph C of the Preliminary Injunction, found at page 12, lines 14-16, states "Pursuant to 26 U.S.C. §§ 7402 and 7408, the Defendants are preliminarily enjoined from acting in any advisory or participatory capacity in any way for any common law trusts created by any of their customers, **themselves**, or any other parties in the past ten years and in which they have assisted in the creation or management in any way during that time period." (emphasis added)

6.      As stated in the Declaration of Frank Ozak attached hereto, the presence of the emphasized word **themselves**, in Paragraph C, or in the alternative, the absence of the emphasized words used in Paragraph B in Paragraph C, would have the effect of enjoining Moving Parties from engaging in legitimate and legal business.

7.      The proposed altered Preliminary Injunction, attached to this Motion as "Proposed Order Granting Motion to Alter Judgment of Preliminary Injunction", makes clear that this Honorable Court's Preliminary Injunction does not engage in violations of the First Amendment, nor does it enjoin Moving Parties' legitimate right to engage in legal business.

### Record on Motion

This motion is based upon this Motion and Notice of Motion, the attached Certificate of Service, the supporting Memorandum of Law, the Declaration of Frank Ozak, the Proposed Order Granting Motion to

Amend Judgment, and all of the pleadings, papers, and other records on file in this action.

Dated:      April 8, 2011

Gwenn Wycoff, in propria persona

Frank Ozak, in propria persona

## MEMORANDUM OF LAW

### A. PROCEDURAL HISTORY

The underlying Complaint was filed on August 6, 2010. Counsel for Plaintiff's Motion for Preliminary Injunction was filed on October 10, 2010, with hearing to take place on November 8, 2010. On November 2, 2010, after Moving Parties filed their Opposition (and only opportunity to respond to the Motion), Counsel for Plaintiff filed their Proposed Preliminary Injunction (which includes the language objected to in the present Motion). After considerable deliberation, the Honorable Court filed the Preliminary Injunction on March 11, 2011, which largely followed Counsel for Plaintiff's Proposed Preliminary Injunction (including the disputed paragraphs). The present Motion was filed on April 8, 2011, within 28 days of the filing of the Preliminary Injunction.

### B. SUMMARY OF RELEVANT FACTS

The present Motion is brought on two grounds, as indicated in the Motion above: 1) that Paragraph C of the Preliminary Injunction, as currently written, enjoins all business by Moving Parties, and not simply all business which would tend to violate Paragraph A of the Preliminary Injunction, and is therefore both onerous and unjust as toward moving parties; and 2) that Paragraph G of the Preliminary Injunction would tend to violate the First Amendment rights of readers of The Art of Passing the Buck and other similar publications.

### C. PROCEDURAL LAW

Federal Rule of Civil Procedure Rule 59(e) states in relevant part: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion to alter or amend a judgment, also known as a "motion for reconsideration", permits a court to rectify its own mistakes in the period immediately following the entry of judgment.

MEMORANDUM OF LAW                                                    Page 1

*White v. New Hampshire Dep't of Employment Sec.*, (1982) 455 U.S. 455, 450; *see also Norman v. Arkansas Dep't of Educ.*, (8th Circ. 1996) 79 F.3d 748, 750.

A motion seeking correction of a judgment amounts to a motion to alter or amend within the meaning of Rule 59(e) if it asks the court to reconsider some substantive matter properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney* (1989) 489 U.S. 169; *Phelps v. Hamilton* (10th Cir. 1997) 122 F.3d 1309, 1323-1324.

A common example of the distinction between a Rule 59(e) and a Rule 60(a) motion is a motion which addresses the substance of the relief received by plaintiff, not the correction of a clerical error; therefore, such motion should be brought under Rule 59(e), not Rule 60(a). *Osterneck v. Ernst & Whinney, supra* at 174-177.

Rule 59 is silent as regards grounds for a motion to alter or amend, thus vesting the court with considerable discretion in dealing with this type of motion. *Edward H. Bohlin Co. v. Banning Co.* (5th Cir. 1993) 6 F.3d 350, 355-356; *In re Prince* (7th Cir. 1996) 85 F.3d 314, 324.

There are, however, two grounds for raising a 59(e) motion which are relevant to the present case. The first is that a motion to alter or amend a judgment may be granted for the purpose of correcting a clear error made by the court, regardless of whether the error was one of law or fact. *EEOC v. Lockheed Martin Corp.* (4th Cir. 1997) 116 F.3d 110, 112.

The second ground for bringing a 59(e) motion is to prevent manifest injustice. *Mobil Oil Corp v. Amoco Chems. Corp.* (D.Del. 1995) 915 F.Supp. 1333, 1377. Moving Parties believe, for the reasons which follow, that both grounds are present, and thus the faulty paragraphs of the Preliminary Injunction should be addressed and corrected by this Honorable Court.

MEMORANDUM OF LAW                                    Page 2

Finally, a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment. FRCP Rule 59(e), *supra*. We believe that the present Motion has been timely filed. And an injunction is included as a judgment subject to a Rule 59(e) motion. *Alamo Rent-A-Car v. Sarasota-Manatee Airport Auth.* (11ᵗʰ Cir. 1986) 794 F.2d 1485. Moving Parties therefore believe and assert that a FRCP Rule 59(e) motion would be appropriate here.

### D.   SUBSTANTIVE LAW

### 1.   PARAGRAPH G OF THE PRELIMINARY INJUNCTION, AS WRITTEN, VIOLATES THE FIRST AMENDMENT RIGHTS OF READERS

At the risk of being accused by Counsel for Plaintiffs of engaging in "throat clearing" (as Counsel did in an earlier brief; such previous "throat clearings" having included such small matters as the constitutional rights of anonymity of writers and the prevention of prior restraint), Moving Parties believe it important to bring to this Honorable Court's attention the settled authority as regards the rights of *readers* under the First Amendment.

In general, the U.S. Supreme Court has held that the Constitution protects the right to *receive* information and ideas. *Stanley v. Georgia,* (U.S. Ga. 1969) 394 U.S. 557. Further, just as the First Amendment protects against the making of any law which would abridge freedom of speech or press, it also protects against any law or activity which would interfere with or contract concomitant rights to *receive* those thoughts disseminated under the protection of this amendment. *Gasper v. Louisiana Stadium and Exposition Dist.* 418 F.Supp 716, *affirmed* 577 F.2d 897, *rehearing denied* 481 F.2d 267, *cert. denied* 439 U.S. 1073.

It is also clear that freedom of speech under the First Amendment is

MEMORANDUM OF LAW                                                    Page 3

not merely the freedom to speak; it is also the freedom to read. *King v. Federal Bureau of Prisons* (C.A.7 [Ill.] 2005) 415 F.3d 634. The right to read and to be exposed to controversial thoughts and language is a valuable right subject to protection under the First Amendment. *Right to Read Defense Committee of Chelsea v. School Committee of City of Chelsea* (D.C.Mass 1978) 454 F.Supp 703. The right to receive information does not depend on the existence of an attempted direct personal communication between the speaker and the recipient. *Sheck v. Baileyville School Committee* (D.C.Me.1982) 530 F.Supp. 679. Rights guaranteed in the First Amendment are broad in scope, and its protection extends not only to the source of communication but also to the recipient. *Love v. Mayor, City of Cheyenne, Wyo.* (D.C. Wyo. 1978) 448 F.Supp. 128.

The rights to anonymity of writers, printers and publishers have long been established. Protection of the anonymity of publishers, printers and distributors of newspapers and pamphlets is an integral part of press freedom. *Bursey v. U.S.* (C.A.9[th] Cal) 466 F.2d 1059. And an author's anonymity with regard to political speech is a constitutional right protected by the First Amendment, and has been defined with reasonable specificity for qualified immunity purposes. *Freedman v. American Online, Inc.* (D.Conn. 2005) 412 F.Supp.2d 174; *Paguette v. City of Mason, Ohio* (S.D. Ohio. 2002) 250 F.Supp.2d 840.

It is just as clear that protection afforded anonymous speech by the First Amendment extends to speech on the Internet. *Doe I v. Individuals* (D.Conn. 2008) 561 F.Supp2d 249. Federal courts have recognized that the Internet is a valuable forum for the exchange of ideas, and that the First Amendment applies to such speech. *Arista Records, L.L.C. v. Doe 3* (2d. Cir. 2010) 603 F.3d. 110, 118. More particularly, *Arista* at 118 also indicates that to the extent that anonymity is protected by the First

Amendment, a court should quash or modify a subpoena designed to breach anonymity. Further, at least one federal court has dissolved a court issued injunction involving the infringement of First Amendment rights of website owners. *Bank Julius Baer & Co. v. Wikileaks,* (N.D.Cal. 2008) 535 F.Supp.2d 980.

But most importantly, for the purposes of this Motion, the First Amendment protects *all* anonymous speech, and generally will protect the identity of downloaders (i.e., receivers) of information. *Sony Music Entertainment Inc. v. Does 1-40* (S.D.N.Y 2004) 326 F.Supp.2d 556. As it has been clearly shown *supra* that the First Amendment rights of receivers of information and readers are equivalent, Moving Parties therefore contend that the First Amendment applies to protect the anonymity of readers, both generally and insofar as they have purchased and/or read *The Art of Passing the Buck* or other publications.

While the paucity of authority as regards the rights of readers in general, and of the right of readers to anonymity in particular, is notable, it is by no means surprising; at least, not for anyone who gives the matter any thought. Until recently, the process of publishing was such that the clear separation between author, printer, publisher and distributor made it difficult if not impossible for records to be kept of the readers of a book or publication.

But with the advent of inexpensive computers, the Internet, and the spread of electronic and to-order publishing, it is now possible for a single individual to be the author, editor, publisher, and salesman or woman of a book or publication. This makes it more likely that such an individual's records could be subpoenaed or subject to discovery or injunction, and also makes it more likely that the clear constitutional rights of readers to retain their anonymity could be violated. Moving Parties respectfully

MEMORANDUM OF LAW                                              Page 5

request this Honorable Court act to protect the constitutional rights of readers in general, and of the readers whose identities Counsel for Plaintiff seek to obtain, and whose rights they also seek therefore to violate.

It is to be noted that the rights to anonymity of readers, like those of writers or publishers on the internet, are not absolute, but *qualified.* Cases such as *Arista Records, L.L.C. v. Doe 3, supra*, and *Sony Music Entertainment Inc. v. Does 1-40, supra,* deal with cases in which people are alleged to have either posted or downloaded copyrighted materials, and thus are alleged to have been in violation of civil and criminal law. And in the case of *Doe I v. Individuals, supra,* the identity of internet posters who had engaged in defamatory postings was sought. In such cases, the courts applied varying balancing tests weighing the interests of privacy of the downloaders or posters against the crimes or torts they were alleged to have committed, and the interests of the plaintiffs in obtaining that information.

But as far as Moving Parties have been able to determine, Counsel for Plaintiffs have alleged no crime or federal law violated by the readers whose identity they seek to discover. In point of fact, Moving Parties doubt that Counsel could allege such a violation, at least consistent with the clear rights of readers to do so unimpeded. To the best of Moving Parties' knowledge, it is still not a crime to read a book.

Moving Parties note that a plaintiff must make a concrete showing as to each element of a prima facie case against an anonymous speaker before the plaintiff's interest in pursuing the discovery of the speaker's identity will outweigh speaker's First Amendment right to speak anonymously. *Doe I v. Individuals* (D.Conn. 2008) 561 F.Supp.2d 249. Moving Parties would recommend that the same standard be applied to

MEMORANDUM OF LAW                                    Page 6

*readers* before their rights to anonymity are breached.

Finally, Moving Parties would like to point out the case of *McVicker v. King* (W.D. Pa. 2010) 266 F.R.D. 92, 94, which holds that internet providers and website hosts have standing to assert the constitutional rights of anonymous posters, *inter alia*, to their websites. Since Counsel for Plaintiff have alleged in their Complaint and elsewhere that Moving Parties are the owners and publishers of www.passingbucks.com and *The Art of Passing the Buck*, Moving Parties will happily assert standing so as to protect the constitutional rights of anonymous readers of such website and publications.

2. **PARAGRAPH C OF THE PRELIMINARY INJUNCTION, AS WRITTEN, IS BOTH UNJUST AND ONEROUS TO MOVING PARTIES**

As is indicated both in the Notice of Motion and Motion, *supra*, and the Declaration of Frank Ozak, *infra*, the effect of Paragraph C of the Preliminary Injunction would be to prevent Moving Parties from conducting legitimate business, as well as preventing them from engaging in the activities prohibited under that Injunction.

Primary rights under both the Declaration of Independence and the U.S. Constitution are of life, liberty, and the pursuit of happiness. Blackstone's *Commentaries on the Laws of England*, the fundamental treatise used by the Founding Fathers who drafted that Constitution, indicates that by the term, "pursuit of happiness", is meant the right to own and to make use of one's own property, and to conduct one's own business.

While Plaintiff has the power under Federal Law to enjoin illegal activity, and while Moving Parties do not dispute that power, Moving Parties believe that the present formulation of Paragraph C of the

MEMORANDUM OF LAW                                             Page 7

Injunction inadvertently prohibits Moving Parties' to conduct legal and proper business, thus violating primary constitutional rights, and also acting unjustly and onerously toward Moving Parties.

Moving Parties therefore respectfully request of this Honorable Court that the Court exercise its discretion under F.R.C.P. 59, as indicated *supra,* and that the Court modify the terms of Paragraph C of the Injunction in the manner requested in the present Motion.

## CONCLUSION

For the foregoing reasons, Moving Parties respectfully request that this Honorable Court grant the present Motion, and that the Honorable Court either sign the Proposed Order attached hereto, or else such other Order that the Honorable Court would find both just and accurate to the present case.

Dated:      April 8, 2011

Gwenn Wycoff, in propria persona

Frank Ozak, in propria persona

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA          )

                             )     SS

COUNTY OF LOS ANGELES        )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street No. 19, Orange, CA  92865

On April 08, 2011 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**NOTICE OF MOTION AND MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION; MEMORANDUM OF LAW; DECLARATION OF FRANK OZAK; PROPOSED ORDER GRANTING MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

SANDRA R. BROWN,  DARWIN THOMAS and ANDRÉ BIROTTE JR.

Assistant United States Attorneys

Chief, Tax Division

Federal Building, Room 7211

300 North Los Angeles St.

Los Angeles, California 90012

With a return address of:

Gwenn H. Wycoff and Frank C. Ozak

2801 Ocean Park Blvd., No. 296

Santa Monica, CA  90405

I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on April 08, 2011 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

Heidemarie Kauahikaua

Heidemarie Kauahikaua

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA            )

                              )        SS

COUNTY OF LOS ANGELES     )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street No. 19, Orange, CA  92865

On April 08, 2011 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**NOTICE OF MOTION AND MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION; MEMORANDUM OF LAW; DECLARATION OF FRANK OZAK; PROPOSED ORDER GRANTING MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

BRIAN H. CORCORAN

Trial Attorney, Tax Division

. U.S Department of Justice

Post Office Box 7238

Washington, DC  20044

With a return address of:

Gwenn H. Wycoff and Frank C. Ozak
2801 Ocean Park Blvd., No. 296
Santa Monica, CA  90405

I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on April 08, 2011 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

Heidemarie Kauahikaua