Frank Ozak
Gwenn Wycoff
c/o 2801 Ocean Park Boulevard # 296
Santa Monica, California 90403
Tel: 310-915-0135
e-mail: fcoz2003@yahoo.com
In Propria Persona

2011 APR 25 PM 2: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

United States of America,

Plaintiff

v.

Gwenn Wycoff and Frank Ozak,

Defendants.

**Case No: CV 10-5856-JHN (PLAx)**

**REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION; (Fed. R. Civ. P. 59(e))**

Date:     May 9, 2011
Time:     2:00 p.m.
Court:    Courtroom 790
          255 East Temple St.
          L.A., CA 90012

## INTRODUCTION

Before beginning the substance of the present Reply, Defendants (hereafter "Moving Parties") respectfully direct the attention of this Honorable Court to the fact that Counsel for Plaintiff's Opposition is 16 pages in length, and yet contains neither a Table of Authorities nor a Table of Contents, in complete disregard of the mandatory provision of Local Rule 8-11. Moving Parties therefore respectfully request that this Honorable Court in turn disallow Counsel for Plaintiff's Opposition, and treat the failure to file properly as a consent to the granting of Moving

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION                                    Page 1

Parties' Motion under Local Rule 7-12.

Counsel for Plaintiff oppose the present Motion on the following grounds: 1) Moving Parties already had a reasonable opportunity to bring the above action at the time of the hearing for their Motion for Preliminary Injunction; 2) Moving Parties failed to comply with Local Rule 7-3 in bringing the present Motion; 3) there was no "clear error of law" or "manifest injustice" permitting Moving Parties to bring the present Motion; and 4) the Government's interest in obtaining the "customer list" outweighs the First Amendment rights of readers to their anonymity.

For the reasons expressed in this Reply, Moving Parties argue that all four of these points are in error, and that this Honorable Court should therefore grant the present Motion.

### 1. TEN DAYS TO REPLY TO PLAINTIFF'S PRELIMINARY INJUNCTION DO NOT CON-STITUTE "REASONABLE OPPORTUNITY" FOR PRO SE DEFENDANTS TO RESPOND

Counsel for Plaintiff repeats the statement that Moving Parties had a "reasonable opportunity" to respond to each and every item in their Motion for Preliminary Injunction so often that it is almost believable. Their assertion fails, however, when one actually looks at the facts, the law, and the numbers.

An examination of the Preliminary Injunction shows that it was filed on October 8, 2010, with hearing to take place on November 8, 2010. An examination of the Motion's size indicates that it's Memorandum of Points and Authorities was 30 pages, the Proposed Order was 28 pages, and the supporting Exhibits were nearly two hundred pages.

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION                                                    Page 2

Local Rule 7-9 states that any Opposition to Motion must be filed 21 days before the date set for hearing. Thus, the last timely day to file their Opposition was October 18, 2010, ten days after Moving Parties received the Motion via their PACER account.

Moving Parties note that this Honorable Court did not make its decision as regards the Motion until four months *after* hearing was to take place. Moving Parties neither make nor imply any criticism of this Honorable Court's actions. Rather, Moving Parties believe that five months was a reasonable time for an experienced and able jurist to review the Motion in its entirety.

Moving Parties will point out that they are neither experienced jurists such as this Honorable Court, nor experienced trial counsel, such as Counsel for Plaintiff. They are acting in pro per, not because they wish to, but because they can not afford to do otherwise. Moving Parties contend that to claim, as Counself for Plaintiff does, that ten days was sufficient time to permit them to effectively respond to all aspects of the present Motion. is both ludicrous and absurd.

Moving Parties therefore contend that if Counsel for Plaintiff actually believe that Moving Parties had a "reasonable opportunity" to respond to the underlying Motion for Preliminary Injunction ten days after it was filed, then Counsel for Plaintiff is not Counsel for the United States, but of Fantasyland.

## 2.    MOVING PARTIES WERE EXEMPT FROM
## SERVING NOTICE UPON COUNSEL FOR PLAINTIFF
## UNDER LOCAL RULE 7-3; NONETHELESS,
## MOVING PARTIES GAVE NOTICE TO THEM

Counsel for Plaintiff make a great deal over the fact that Rule 7-3

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION                                                    Page 3

supposedly mandates a conference between Counsel and Moving Parties before the bringing of this present Motion.

An examination of that Rule, however, shows that such conference is required ". . .*except in connection with* discovery motions (which are governed by L.R. 37-1 through 37-4) and *applications for* temporary restraining orders or *preliminary injunctions.*" (Emphasis added)

As the present Motion is made in connection with a preliminary injunction, Moving Parties contend that they are exempt from the provisions of Local Rule 7-3, just as Counsel for Plaintiff were exempt from giving notice to Moving Parties bringing their Motion for Preliminary Injunction.

Nonetheless, Counsel for Plaintiff are not being quite candid with this Honorable Court about the alleged failure of Moving Parties to attempt notice of the need for the Motion. As is indicated in the attached Declaration of Gwenn Wycoff, Moving Parties *did* attempt to speak with Counsel for Plaintiff, on March 25, 2011, about their need to correct the Preliminary Injunction, but Counsel for Plaintiff rebuffed Moving Parties' attempt, in fact claiming that it was "too late" for them to amend the Preliminary Injunction.

Moving Parties also point out that in their Responses to Counsel for Plaintiffs' Interrogatories and Requests for Production, they objected to the attempt by Counsel for Plaintiff to seek the list of purchasers of *The Art of Passing the Buck,* thus giving Counsel for the Plaintiff actual notice that Moving Parties intended on contesting the portion in the Preliminary Injunction which sought the same information.

For these reasons, Moving Parties contend that they are exempt from the conference requirements of Local Rule 7-3, *by the terms of the Rule*

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION                                                    Page 4

itself, and that they in fact did give actual notice of their intent to file such Motion to Amend, and something of the grounds for that Motion.

### 3. THE DENIAL OF THE FIRST AMENDMENT RIGHT OF READERS TO RETAIN THEIR ANONYMITY CONSTITUTES 'CLEAR ERROR OF LAW; AND THE DENIAL OF MOVING PARTIES RIGHT TO DO LEGAL BUSINESS CONSTITUTES 'MANIFEST INJUSTICE'

Counsel for Plaintiff contend in essence Moving Parties are simply disagreeing with the two aspects of the Preliminary Injunction under discussion, and have no basis in law for stating that they constitute violation a "clear error of law" or "manifest injustice". Counsel for Plaintiff are mistaken.

As Counsel for Plaintiff themselves admit (In their Opposition, page 4, lines 9-10). "clear error" means a mistake of law or fact. 12 *Moore's Federal Practice,* section 59.30[5][a][iv]. As Moving Parties have spent much of their original Motion to Amend stating, and in the words of James William Moore himself, "The First Amendment provides protection for anonymous speech", (7 *Moore's Federal Practice*, section 26.48[1], page 26.348), both for the speaker and the listener or reader. Moving Parties therefore contend that it is a clear error of law to have a provision in the Preliminary Injunction which violates the constitutional rights of readers, Counsel for Plaintiff's attempts at hand waving or obfuscation of this fact notwithstanding.

Likewise, Moving Parties contend that it is a violation of Moving Parties rights to life and a legal livelihood for the Preliminary Injunction

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION                                                    Page 5

to prohibit *any* business, instead of any illegal business. This is not simply a clear error of law, but would be a manifest injustice to Moving Parties. This is not just a matter of "simple dislike" of the decision. Moving Parties therefore respectfully request that this attempt at confusion of the issue by Counsel for Plaintiff be ignored by this Honorable Court, and that the present Motion be granted.

### 4.    THE RIGHTS OF READERS TO MAINTAIN THEIR ANONYMITY OUTWEIGHS ANY ALLEGED GOVERNMENTAL INTEREST IN REVEALING THE READER'S LIST IN THIS CASE

Counsel for Plaintiff make a number of assertions in their Opposition regarding the right of the Government to obtain a readers' list in this case. All of those assertions are inapplicable in the present case.

Counsel for Plaintiff first assert that while readers do have a First Amendment right to anonymity, that right is qualified, and that upon a showing of need for the documents in question, the Government can prevail upon any such qualified right. Counsel for Plaintiff misstate the law. If this Honorable Court will examine the cases cited by Counsel for Plaintiff and Moving Parties, the Court will find that there is a right to anonymity, but that right is qualified when the *readers* are accused of a crime or a civil wrong, in which case the right to anonymity is *qualified*, and a balancing test is to be applied between the right of anonymity and the interest of the party seeking such information.

As Counsel for Plaintiff have failed to show in their Opposition any crime that the readers of *The Art of Passing the Buck* have committed or are likely to commit, Counsel for Plaintiff have failed also to show that the readers' right to anonymity is in any way qualified. For this reason

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION                    Page 6

alone, Counsel for Plaintiff's Opposition should be disregarded by this honorable Court.

Counsel for Plaintiff next urge that the readers' list constitutes Moving Parties' customer list, and that there is clear precedent for the revelation of customer's lists. Counsel for Plaintiff fail however to take account of the fact that Moving Parties neither own the rights to nor the customer list of *The Art of Passing the Buck*. If Counsel for Plaintiff had bothered to check either the Copyright to that book, or the copyright information available to via the Federal Government online, they could have found that the *Art of Passing the Buck* is in fact owned by The Charles Arthur Trust, and Moving Parties have no ownership interest whatsoever in the book in question, nor in the "customer list".

As is further indicated in the Declaration of Bernard Brandt included herein (a trustee of the Charles Arthur Trust), Moving Parties are neither the sole nor even the main authors of the book in question, they are not the final editors of the book, and they are not the owners of the book or its customer list. Further, the Trustees of the Charles Arthur Trust have authorized Moving Parties to assert on the Trust"s behalf standing to retain the anonymity of the readers of the book in question. For this reason, Counsel for Plaintiff's Opposition should be disregarded by this Honorable Court on this point.

Counsel for Plaintiff next contend that one advertisement, of one page in length, found in each volume of *The Art of Passing the Buck*, and read by at most perhaps two to three hundred people, converts the book from political and educational speech into commercial speech. They cite no authority for this position. Moving Parties would suggest that if one takes this unsupported assertion to its logical conclusion, then *any*

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION                                          Page 7

advertisement would convert *any* book from political to commercial speech. Moving Parties have been unable to find any authority for such a position. They respectfully request that this Honorable Court refrain from making such a ruling, so repugnant as it is to the First Amendment.

Further, as the attached Declaration of Bernard Brandt will indicate, the Trustees of the Charles Arthur Trust added the advertisements in question as a courtesy to Moving Parties, that the Trustees did not intend thereby to convert the book in question from political to commercial speech thereby, and that those Trustees are in the process of removing those advertisements from any further editions of the book, and from any books to be purchased in the future. Moving Parties therefore contend that Counsel for Plaintiff's attempts to characterize *The Art of Passing the Buck* as commercial speech be disregarded by this Honorable Court.

Counsel for Plaintiff finally contend that they would be unable to find potential violators of tax law without obtaining the Reader's list. They fail to mention that Moving Parties have either revealed or are in the process of revealing their Customer's list for any services or products. Counsel for Plaintiff also fail to mention that they have already obtained from unknown sources a list of all PayPal purchasers of *The Art of Passing the Buck,* and have questioned one of Moving Parties about those purchasers, as is stated in the attached Declaration of Gwenn Wycoff.

For all of these reasons, Moving Parties respectfully suggest that Counsel for Plaintiff have had sufficient means of obtaining information regarding potential tax evaders, and respectfully request that the rights to anonymity of simple readers of the book in question be preserved.

Finally, Moving Parties would like to note that Counsel for Plaintiff

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION                                                      Page 8

have repeatedly contended that Moving Parties have failed to introduce evidence showing  or tending to show their innocence. Counsel for Plaintiff fail to mention or even consider the ten days that they were given between the filing of the underlying Motion for Preliminary Injunction and the last timely day for filing of their Opposition to present such evidence, or that this paucity of time made it all but impossible for Moving Parties, as pro per defendants, to introduce such evidence.

Moving Parties hope, in the course of discovery, and in the course of otherwise obtaining information and testimony, to provide this Honorable Court with such evidence.  In the meantime, they would like to offer the attached Declaration of Garold Jean Tedder, (which Gwenn Wycoff indicates in her Declaration was given to Counsel for Plaintiff Bryan H. Corcoran in her recent Deposition) as an indication that contrary to the repeated assertions of Counsel for Plaintiff, Moving Parties were not in the habit of constructing or administering sham trusts.

Respectfully submitted.

Dated:    April 25, 2011

Gwenn Wycoff, in propria persona

Frank Ozak, in propria persona

REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF
PRELIMINARY INJUNCTION                                        Page 9

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA           )

                             )        SS

COUNTY OF LOS ANGELES         )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street No. 19, Orange, CA  92865

On April 25, 2011 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:


BRIAN H. CORCORAN

Trial Attorney, Tax Division

U.S Department of Justice

Post Office Box 7238

Washington, DC  20044


With a return address of:

Gwenn H. Wycoff and Frank C. Ozak
2801 Ocean Park Blvd., No. 296
Santa Monica, CA  90405


I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on April 25, 2011 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

_Heidemarie Kauahikaua_

Heidemarie Kauahikaua

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA            )

                              )      SS

COUNTY OF LOS ANGELES      )

I am resident of the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My resident address is:

2295 North Tustin Street No. 19, Orange, CA  92865

On April 25, 2011 I mailed the foregoing documents described as:

**Case No. CV 10-5856 JHN (PLAx)**

**REPLY TO OPPOSITION TO MOTION TO ALTER JUDGMENT OF PRELIMINARY INJUNCTION**

on the interested parties in this action by placing a true copy therefore enclosed in a sealed envelope address as follows:

SANDRA R. BROWN,  DARWIN THOMAS and ANDRÉ BIROTTE JR.
Assistant United States Attorneys
Chief, Tax Division
Federal Building, Room 7211
300 North Los Angeles St.
Los Angeles, California 90012

With a return address of:

Gwenn H. Wycoff and Frank C. Ozak
2801 Ocean Park Blvd., No. 296
Santa Monica, CA  90405

I placed such envelope(s) with fully paid 1st class postage affixed, in the United States mail at West Los Angeles, California.

Executed on April 25, 2011 at West Los Angeles, California.

I declare under a penalty of perjury under the laws of the State of California that the above is a true and correct.

Heidemarie Kauahikaua