ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS
Ca. Bar No. 80745
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2740
Facsimile: (213) 894-0115
Email: darwin.thomas@usdoj.gov

BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
Email: Brian.H.Corcoran@usdoj.gov

Attorneys for the United States of America

JS—6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

United States of America,

Plaintiff,

vs.

Gwenn Wycoff and Frank Ozak,

Defendants.

Case No. **2:10-cv-05856-JHN -PLA**x

**STIPUULATED ORDER OF PERMANENT INJUNCTION**

The United States has filed a complaint for permanent injunction under 26 U.S.C. ("I.R.C.") §§ 7402(a) and 7408 against Gwenn Wycoff and Frank Ozak (hereinafter "Defendants"). The parties have agreed to the terms of this Stipulated Order of Permanent Injunction, and the Defendants consent to be bound by its terms and to its entry without further notice. The Defendants waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure. The parties understand that this Order constitutes the final judgment in this matter, waive the right to appeal from this judgment, and agree to bear their respective costs, including any attorneys' fees or other expenses of this litigation. Nothing in this Order shall constitute an admission of liability by the Defendants of any of the matters alleged in the Complaint (including but not limited to the issue of whether *The Art of Passing the Buck* is owned or controlled by the individual Defendants).

The parties understand and agree that entry of this Stipulated Order of Permanent Injunction neither precludes the Internal Revenue Service (the "IRS") from assessing penalties against the Defendants for violations of the Internal Revenue Code, nor precludes the Defendants from contesting any such penalties.

The parties further understand and agree that the Court has jurisdiction over this matter for the purposes of implementing and enforcing this Order, and

understand that if they violate its terms, they may be subject to civil and criminal sanctions for contempt of court.

**ORDER**

1. IT IS HEREBY ORDERED that pursuant to 26 U.S.C. §§ 7402 and 7408, the Defendants and their representatives, associates, agents, servants, and employees are enjoined from directly or indirectly:

(A) Organizing or selling tax shelters, plans, or any other arrangements that advise or assist taxpayers to attempt to evade the assessment or collection of such taxpayers' correct federal tax;

(B) Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, *i.e.* organizing or selling a plan or arrangement and making a statement regarding the excludability of income or securing of any other tax benefit, by participating in the plan that they know or have reason to know is false or fraudulent as to any material matter, including but not limited to any false statements about the tax benefits or effects of trusts;

(C) Engaging in any activity subject to penalty under 26 U.S.C. § 6701, *i.e.* aiding or assisting in, procuring, or advising with respect to the preparation or presentation of a federal tax return, refund claim, or other document, knowing or having a reason to believe that it will be

used in connection with any material matter arising under the internal revenue laws, and knowing that if so used it would result in an understatement of another person's tax liability; and

(D) Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or encourages taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities.

2. Pursuant to 26 U.S.C. §§ 7402 and 7408, and subject to Paragraph 3 below, the Defendants are enjoined from:

(A) selling, creating for sale, or participating in the creation or sale of any type of trust for a third party, including acting as a trustee or protector for a third party's trust. The Defendants may create or use trusts for themselves so long as the trust does not have the effect of or is employed to violate the law in any means or fashion set forth in Paragraph 1 above; and

(B) selling or distributing any promotional materials, or making any statements, regarding trusts containing (i) false commercial speech regarding the internal revenue laws, or (ii) speech likely to aid or abet others to violate the internal revenue laws; and

3. Pursuant to 26 U.S.C. §§ 7402 and 7408, and except as otherwise set forth below, the Defendants are enjoined from acting in any advisory or participatory capacity in any way for any trusts created by or for any of their customers, themselves, or any other parties in the past ten years and in which they have assisted in the creation or management in any way during that time. The Defendants may provide advice and assistance to the trusts identified on Schedule A attached hereto up until November 30, 2011, so long as (a) that advice has nothing to do with federal income taxation or any federal income tax return filing, and (b) the purpose of that advice is solely to assist the identified trusts in winding down their affairs; and

4. Pursuant to 26 U.S.C. §§ 7402 and 7408, the Defendants are enjoined from filing, providing forms for, assisting in the preparation of, or otherwise aiding and abetting the filing of Forms 1040 or 1041 for themselves or others relating in any way to any trusts, including the notarization or signing of certificates of service or similar documents in connection with such tax returns; and

5. Within ten days of the entry of this Order, the Defendants shall cause to be posted on the "www.passingbucks.com" website a copy of this Order, and shall certify to this Court in writing that they have done so within 30 days of the date of this Order. This requirement shall also apply to any websites the Defendants shall obtain, initiate, or begin the operation of while this Order remains

in effect. The Order shall remain posted on the website(s) for one year from the date of its entry; and

6. Pursuant to 26 U.S.C. § 7402, the Defendants are hereby required to contact by mail or e-mail all persons (a) who have purchased from them any products, services, advice, or publications associated with the tax scheme described in the underlying complaint, and (b) all individuals who have purchased a copy of either Volume of *The Art of Passing the Buck* in the past five years (where the Defendants can reasonably ascertain the mailing or e-mail addresses of such purchasers) and provide such individuals with a copy of this Order. The Defendants shall also provide a copy of this Order in whatever fashion is most expeditious to all of their employees, affiliates, or associates (including but not limited to existing Trustees relating to any trusts associated with the Defendants in any way, such as the Trustees of the Charles Arthur Enterprises Trust). The Defendants shall certify to this Court in writing that they have done so within 30 days of the date of this Order; and

7. Pursuant to 26 U.S.C. § 7402, the Defendants shall with respect to the two-volume publication *The Art of Passing the Buck* (a) cause to be removed from all existing unsold copies or copies to be published in the future the end-pages of each separate volume (as reproduced in Schedule B appended to this Order) advertising their services and/or the services of “Charles Arthur Enterprises,” (b)

cause to be mailed or e-mailed to all purchasers of either volume of *The Art of Passing the Buck* since its publication (where the Defendants can reasonably ascertain the mailing or e-mail addresses of such purchasers) a notification (in the form appended to this Order as Schedule C) indicating that the purchaser should not rely on either volume of the work in determining the purchaser's federal income tax liability, but should instead seek appropriate professional assistance, (c) cause a copy of the notification described in Paragraph 7(b) and appended as Schedule C to this Order to be inserted or included with all copies of *The Art of Passing the Buck* sold after the date of this Order, and (d) certify to this Court in writing that they have performed the obligations of Paragraph 7(a) - (b) within 30 days of the date of this Order; and

8. Pursuant to 26 U.S.C. § 7402, the Defendants shall cause to be cancelled or taken out of service the e-mail address "trustservices@passingbucks.com," and shall certify to this Court in writing that they have done so within 30 days of the date of this Order; and

9. IT IS HEREBY ORDERED that the Court retains jurisdiction to enforce this Order, and that for the purposes of monitoring compliance with its terms, the parties may conduct discovery using the formal procedures described in Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45, or as otherwise provided in the Federal Rules of Civil Procedure, or permitted by this Court.

IT IS SO ORDERED.

DATED: September 08, 2011

________________________________
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DARWIN THOMAS
Assistant United States Attorney

/s/ Brian H. Corcoran
BRIAN H. CORCORAN
Trial Attorney, Tax Division

Attorneys for United States of America

Seen and Agreed:

________________________________
Gwenn Wycoff

________________________________
Frank Ozak